**Gary TEEL, Appellee,**

v.

**Harold R. McCORD and Farm Bureau Mutual Insurance Company, Appellants.**

**No. 85–1687.**

Supreme Court of Iowa.

Oct. 15, 1986.

As Amended Oct. 28, 1986.

Curtis Hewett of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellants.

Joe Cosgrove of Yaneff and Cosgrove, Sioux City, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

In this workers' compensation case, Iowa Code ch. 85 (1973), we must determine whether interest on an award for permanent partial disability accrued at the time the employee returned to work or at the time of the subsequent award.

Gary Teel, a truck driver employed by Harold R. McCord, was severely burned while refueling a truck on February 4, 1974. Pursuant to a memorandum of agreement,[1] he received weekly healing-period payments from his employer until he returned to work on May 7. Over a year later, however, Teel underwent surgery to alleviate the disability that resulted from his burns, and again was unable to work. He again received weekly payments until his return.

In 1976 Teel petitioned the industrial commissioner to determine the nature and extent of his permanent partial disability. Two years passed, and then Teel underwent the first of several more operations. Following each one he received weekly payments for the varying periods of time he was unable to work. In 1980, after the last operation, the extent of his disability finally became known. He returned to work for good on February 14, 1981.

In 1982 a hearing was held on the petition he filed in 1976. On September 30 a deputy industrial commissioner awarded him 150 weeks of compensation for a permanent partial disability, with interest. The employer and his insurer, Farm Bureau Mutual Insurance Company, then sought a declaratory judgment on the date from which the interest was to accrue. Another deputy industrial commissioner held that it accrued from the date of the award: September 30, 1982. This ruling was affirmed on appeal to the industrial commissioner. The district court reversed this ruling, however, holding that the interest accrued from the date Teel returned to work after his injury: May 7, 1974. The court remanded the case to the commissioner. He was instructed to determine the amount of interest due Teel, starting with the first week he returned to work, and excluding those weeks he received healing-period payments. From this judgment the employer and insurer have now appealed. *See generally* Iowa Code § 17A.20 (1985). We affirm.

Our review of this unusual case is controlled by the principles set forth in Iowa Code sections 4.1(2), 4.2, 4.4, 4.6, and 17A.19(8), which we have applied to the workers' compensation act. Foremost is that which acknowledges the act is to be liberally construed in the employee's favor. *Cf. Doerfer Division of CCA v. Nicol,* 359

---

1. The filing of such an agreement, *see* Iowa Code § 85.22(4), establishes that an employment relationship existed and that the employee sustained an injury arising out of and in the course of employment. *Freeman v. Luppes Transp. Co.,* 227 N.W.2d 143, 149–50 (Iowa 1975).

N.W.2d 428, 434 (Iowa 1984) (ch. 85A). Any doubt in its construction is thus resolved in favor of the employee. *Usgaard v. Silver Crest Golf Club*, 256 Iowa 453, 459, 127 N.W.2d 636, 639 (1964). We give deference to the commissioner's interpretation of the act, although its final interpretation rests with us. *See* Iowa Code § 4.6(6); *Doerfer Division*, 359 N.W.2d at 432.

In 1973 the legislature was not entirely clear on the matter of interest on disability awards. Section 85.30 provided that payments for permanent partial disability "shall be made each week ... and if not paid when due, there shall be added to such weekly compensation payments, interest ... from date of maturity." But when do an employee's payments for permanent partial disability become "due"? Section 85.34(2) provided that such payments "shall begin at the termination of the healing period...." Thus, the time when an employee's healing period is terminated is the time when disability payments become due.

Section 85.34(1) suggested that an employee's healing period terminates when he returns to work:

> If an employee has suffered a personal injury causing permanent partial disability for which compensation is payable as provided in subsection 2 of this section, the employer shall pay to the employee compensation for a healing period, as provided in section 85.37, beginning on the date of the injury and *until he has returned to work* or competent medical evidence indicates that recuperation from said injury has been accomplished, whichever comes first.

(Emphasis added.) Accordingly, the interest on this employee's award for permanent partial disability became due when he returned to work on May 7, 1974. *See generally* 101 C.J.S. *Workmen's Compensation* § 847, at 180–81 (1958) ("interest is allowed on each compensation payment from the date when it is due even though such date is prior to the date of the award").

This conclusion is supported by *Farmers Elevator Co. v. Manning*, 286 N.W.2d 174 (Iowa 1979), in which an employee was awarded permanent disability payments in an arbitration proceeding. When his employer argued interest on the payments only became due at the time of the award, this court responded:

> Section 85.30 expresses [a] legislative intent that interest on unpaid compensation be computed from the date each payment comes due, starting with the eleventh day after the injury. To adopt the [employer's] method of computing interest on unpaid compensation would defeat the apparent purpose of section 85.-30 ... to secure compensation for injured employees and their dependents at the earliest time. The need for an incentive to pay compensation when due is particularly acute in view of the delays which sometimes regrettably occur between the time of an employee's injury and final resolution of the claim.

*Id.* at 180 (citations omitted).

Moreover, there is no question the employee in this case suffered *some* disability as a result of his injuries. The problem occurred in determining how much it was. Had the medical community been able to answer that question without further treatment, he clearly would have been entitled to compensation when he first returned to work. Thus, the legislature could conclude that when *the extent* of a disability is unknown until after treatment, the employer should pay interest for the period between the termination of the healing period and the award. After all, the employer in effect is holding the employee's money, and presumably earning interest on it. By paying this amount back the employer is only returning money it does not rightfully own.

*Bousfield v. Sisters of Mercy*, 249 Iowa 64, 72, 86 N.W.2d 109, 114 (1957), which the employer contends supports his argument that interest became due only when disability was awarded, is distinguishable. In that case an employee was awarded permanent partial disability. Thereafter her condition worsened, a possibility not contemplated at the time of the disability award. On review-reopening, she was awarded an

additional five percent disability by the industrial commissioner. This court subsequently limited interest on her increased compensation to the date of the second award. In contrast, the employee did not receive an award of permanent partial disability until the full extent of his disability was known.

The district court did not err in its judgment.

AFFIRMED.