**JOHN DEERE DUBUQUE WORKS OF DEERE & COMPANY, Appellant,**

v.

**Thomas MEYERS, Appellee.**

**No. 86–385.**

Supreme Court of Iowa.

Aug. 19, 1987.

Leo A. McCarthy and John J. Wertzberger of Reynolds & Kenline, Dubuque, for appellant.

Michael J. Coyle of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee.

NEUMAN, Justice.

We granted further review to appellant John Deere Dubuque Works of Deere & Company (Deere) to consider its challenge to a court of appeals decision upholding an industrial commissioner's award for occupational hearing loss under Iowa Code chapter 85B (1985). At issue is the applicability of the "discovery rule" to the "date of occurrence" limitation requirements of Iowa Code sections 85.26 and 85B.8. Concluding that the discovery rule is applicable to such a workers' compensation claim, we affirm the award.

Deere has employed appellee Thomas Meyers in various positions since 1964, having assigned him to repair bulldozers from 1973 to 1981. Both Meyers' work and the

testing of crawlers and other large equipment in an adjacent work station exposed him to excessive noise during the eight-year period. In November 1981, Meyers was temporarily laid off. At Deere's referral, he was examined by an otolaryngologist on March 18, 1982, who diagnosed high-frequency sensorineural hearing loss related to noise exposure at work. When Meyers was recalled to work in June 1982, he was assigned to a position in a much quieter area of the plant.

On March 7, 1984, Meyers petitioned the industrial commissioner seeking workers' compensation benefits for occupational hearing loss. After a hearing, a deputy commissioner found Meyers had sustained a permanent partial hearing loss and awarded disability benefits. Deere appealed. The industrial commissioner affirmed the deputy's findings of a compensable loss, awarding Meyers benefits for a 12.2% permanent partial disability.

Deere then petitioned for judicial review in district court arguing (1) that Meyers' claim was untimely and (2) that the award was not supported by substantial evidence in the record. Both the district court and the court of appeals affirmed the award.

Our appellate review under Iowa Code section 17A.20 is limited to correction of errors at law made by the district court. *Polk County Drainage Dist. Four v. Iowa Natural Resources Council*, 377 N.W.2d 236, 239 (Iowa 1985). We first consider Deere's challenge to the timeliness of Meyers' claim. We then proceed to consider Deere's challenge to the sufficiency of the evidence, an issue which merits only our brief attention.

I. Throughout these proceedings, Deere has contended that Meyers filed his claim well beyond the two-year statute of limitations found in section 85.26 of Iowa's workers' compensation statute. The primary question posed by this appeal is when Meyers' claim arose. To answer that question we must harmonize two interrelated statutes, sections 85.26 and 85B.8.

Section 85.26, applicable to claims filed under chapters 85 (workers' compensation), 85A (occupational disease), and 85B (occupational hearing loss), clearly establishes a two-year filing period for claims. The section states in pertinent part:

> An original proceeding for benefits ... shall not be maintained in any contested case unless the proceeding is commenced within two years from the date of occurrence of the injury for which benefits are claimed....

Iowa Code § 85.26(1).

The definition of "date of occurrence" applicable to claims brought under the occupational hearing loss statute can be found at section 85B.8. This section, which prescribes four alternative events triggering the claim-filing period, is set out here in its entirety:

> A claim for occupational hearing loss due to excessive noise levels may be filed six months after separation from the employment in which the employee was exposed to excessive noise levels. The date of injury shall be the date of occurrence of any one of the following events:
>
> 1. Transfer from excessive noise level employment by an employer.
>
> 2. Retirement.
>
> 3. Termination of the employer-employee relationship.
>
> The date of injury for a layoff which continues for a period longer than one year shall be six months after the date of the layoff. However, the date of injury for any loss of hearing incurred prior to January, 1, 1981 [the effective date of this chapter] shall not be earlier than the occurrence of any one of the above events.

*Id.* § 85B.8.

Deere argues that the events listed in section 85B.8 are the *only* events which trigger the claim-filing period for occupational hearing loss. Under this interpretation, since Meyers still works for Deere and his layoff lasted less than one year, his date of transfer from excessive noise levels controls the timeliness of his claim. The parties agree that Meyers was not employed in an excessively noisy work environment after his layoff on November 29, 1981. Applying that date to section 85.26,

the claim-filing period would have closed on November 29, 1983. Since Meyers' claim was not filed until March 7, 1984, Deere argues that his claim should have been denied as untimely.

The industrial commissioner, while concurring in Deere's analysis of the pertinent dates for filing claims under section 85B.8, applied the discovery rule to bring Meyers' claim within the two-year statute of limitations of section 85.26. Thus we direct our focus to the extension of that doctrine to the case before us. While we are not bound by the industrial commissioner's interpretation of the workers' compensation statute, we defer to its expertise in such matters. *McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 374 (Iowa 1985).

Application of the discovery rule delays the accrual of the cause of action until the injured person has in fact discovered an injury or by exercise of reasonable diligence should have discovered it. *Chrischilles v. Griswold*, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967). We first applied the discovery rule to the statute of limitations for workers' compensation cases in *Orr v. Lewis Cent. School Dist.*, 298 N.W.2d 256, 257 (Iowa 1980).

The industrial commissioner found that Meyers first learned the degree of his hearing loss and its relation to his work when he received the otolaryngologist's test results on March 18, 1982. Applying this date to section 85.26, the commissioner concluded that Meyers' claim was timely filed. The court of appeals concurred in this interpretation and result, observing that "the refusal to permit application of the discovery rule to hearing loss disabilities would be in direct opposition to our courts' express goal of applying the workers' compensation statute broadly and liberally in furtherance of its humane objective." *See McKeever*, 379 N.W.2d at 374; *Orr*, 298 N.W.2d at 261; 2A N. Singer, *Sutherland Statutory Construction* § 47.25, at 209 (4th ed. 1984).

■ We concur in this analysis. We recognize that the four events enumerated in section 85B.8, although unrelated to injury, are easy for both the employer and the employee to identify. Such a scheme is consistent with the prevailing view that a permanent hearing loss cannot be validly measured until approximately six months' separation from the noisy environment. *See generally* 1B A. Larson, *The Law of Workmens' Compensation* § 41.52, at 7–428 (1987). However, we do not perceive these four statutory "dates of injury" to limit recovery for hearing loss should the discovery of an injury be triggered by another event, such as the examination which alerted Meyers to his loss. When two interpretations of a limitation statute are possible, the one giving the longer period to a litigant seeking relief is to be preferred and applied. *Orr*, 298 N.W.2d at 261; *Sprung v. Rasmussen*, 180 N.W.2d 430, 433 (Iowa 1970).

In its findings of fact, the district court recognized that "an occupational hearing loss ordinarily arises over a prolonged exposure to a condition and cannot be pinpointed to any specific period." We recently expressed our belief that "the legislature enacted the Occupational Hearing Loss Act to make it easier for a claimant to prove the compensability of hearing loss attributable to prolonged exposure to noise at work." *Muscatine County v. Morrison*, 409 N.W.2d 685, 687 (Iowa 1987). We think that applying the discovery rule to occupational hearing losses is consistent with this legislative objective. Moreover, the uniform application of the discovery rule would provide no less protection for workers suffering from occupational hearing loss than for other work-related disabilities.

Thus, we hold that if an employee exercising the diligence of a reasonable person does not discover an occupational hearing loss until after leaving a noisy work environment, the employee should have the full two-year period after discovery of the injury to file a claim for workers' compensation benefits.

■ II. Evidence of the extent of Meyers' hearing loss was virtually undisputed in the record made before the industrial commissioner. Deere did attempt, however, to convince the agency that Meyers'

injury was not causally related to his employment. Deere presented evidence that Meyers' other adult pursuits—infantryman, hunter, and part-time sawmill employee—exposed him to excessive noise levels contributing to the injury he attributes solely to his employment at Deere. In spite of that evidence, the industrial commissioner, district court, and court of appeals all found Meyers successfully bore his burden of proving that his hearing loss was directly related to years of excessive noise exposure at the Deere plant. Reviewing the record as a whole, we find substantial evidence to support that factual conclusion. Such findings are binding on this court on appeal. Iowa R.App.P. 14(f)(1); *Robinson v. Department of Transp.*, 296 N.W.2d 809, 812 (Iowa 1980).

We therefore affirm the district court's judgment upholding the industrial commissioner's award in favor of Thomas Meyers.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.