Margaret MEYER, Surviving Spouse, and Marvin H. Meyer Estate, by Margaret Meyer, Executor, Appellants,

v.

IOWA STATE PENITENTIARY, Employer, and State of Iowa, Insurance Carrier, Appellees.

No. 90–1195.

Supreme Court of Iowa.

Oct. 16, 1991.

James Hoffman, Keokuk, and Barry Moranville, West Des Moines, for appellants.

Bonnie J. Campbell, Atty. Gen., and Shirley A. Steffe, Asst. Atty. Gen., for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

This is a suit to recover benefits under Iowa Code chapter 85A (1989) (occupational disease compensation). The decedent, a longtime state employee, died several years after retirement, it is said as a result of exposure to asbestos where he worked. The claim was dismissed because it was brought too late. We affirm the dismissal because we find the claim did not arise.

Decedent Marvin H. Meyer was employed in the maintenance department by the Iowa state penitentiary from September 1, 1963, until he retired as plant manager December 15, 1978. His responsibilities at times caused him to work in tunnels beneath the penitentiary where there were heat pipes, water pipes and telephone lines. The heat pipes were insulated with asbestos which was frayed and torn in places.

The bulk of the asbestos which fell from these pipes landed on the tunnel floors. Some asbestos dust, however, hung in the air. On the days Meyer worked in these tunnels he came home saturated with dust.

Meyer experienced no major health problems prior to January of 1982. During the period following his retirement his only health complaints were flu-like symptoms which disappeared within a few days. So no medical care was sought. In late January 1982 Meyer did become ill and visited his family physician who placed him in a local hospital. He was later transported by ambulance to the University of Iowa Hospital and Clinics where he underwent tests during February and March of 1982. Exploratory thoracic surgery disclosed a tumor. Meyer was then hospitalized in a Burlington hospital until his death on June 22, 1983.

An autopsy disclosed that mesothelioma of the right hemithorax was the primary cause of death. The death certificate however listed cerebral hemorrhage as the first cause of death and mesothelioma as the second cause.

Claimant is Margaret Meyer, Marvin's widow and executor. She claims that it was only after some difficulty that she obtained the autopsy report and learned that her husband had suffered from asbestosis. Margaret filed an application for occupational disease benefits with the Iowa industrial commissioner on June 20, 1985. According to Margaret she did not read the death certificate until after she brought her action for death benefits. The death certificate listed mesothelioma as one of the causes of Marvin's death. Administrative proceedings established that Marvin died of mesothelioma as a result of occupational asbestos exposure.

Benefits were nevertheless denied because the claim was filed (June 20, 1985) more than three years after the last injurious exposure to the disease (October 13, 1978—Meyer's last actual working day).

The denial was affirmed on judicial review. This appeal followed.

I. The rejection of the claim was derived from language in the first unnumbered paragraph of Iowa Code section 85A.12.[1] It provides as follows:

An employer shall not be liable for any compensation ... unless disablement or death results within three years in case of pneumoconiosis, or within one year in case of any other occupational disease, after the last injurious exposure to such disease in such employment, or in case of death, unless death follows continuous disability from such disease commencing within the period above limited for which compensation has been paid or awarded or timely claim made as provided by this chapter and results within seven years after such exposure.

Claimant thinks the time periods mentioned in the statute should not bar her claim. Her belief is grounded in her contention that the discovery rule should apply, a contention which was rejected by the commission and on judicial review.

II. We adopted the discovery rule in *Chrischilles v. Griswold*, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967). In *Chrischilles* we held that a negligence claim against an architect accrued when "the plaintiff has in effect discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it." *Id.* We first applied the discovery rule to a workers' compensation claim in *Orr v. Lewis Central School District*, 298 N.W.2d 256, 261 (Iowa 1980). Claimant thinks there is no reason to apply the rule to workers' compensation claims and not apply it to claims for compensation for occupational diseases.

Cases from other jurisdictions recognize that statutes of limitations which address actions or claims for contracting a disease run from the time the disease was manifested or might or should have been ascertained. Annotation, *When Limitation Period Begins to Run Against Cause of Ac-*

---

1. The second unnumbered paragraph of § 85A.12 specially provides for disablements or death latently resulting from exposure to x-rays, radium, radioactive substances or machines, or ionizing radiation. There is no claim it is involved in this litigation.

*tion or Claim for Contracting Disease,* 11 A.L.R.2d 277, 295 (1950). The principle has been recognized in cases involving occupational disease. 51 Am.Jur.2d *Limitations of Actions* § 137, at 707–08 (1970); 54 C.J.S. *Limitation of Actions* § 164, at 211 (1987).

Iowa Code section 85A.12 does not yield to such an interpretation. This is because, although the claimant contends otherwise, we are not dealing with a statute of limitation. The provision does not list times within which claims must be brought, a routine ingredient of a statute of limitations. 51 Am.Jur.2d *Limitations of Actions* § 2, at 592 (1970); 54 C.J.S. *Limitation of Actions* § 2, at 16 (1987). Rather it states conditions which must exist before a right of compensation arises. Under its provisions the disease must manifest itself within set periods (three years for pneumoconiosis—or one year for other occupational diseases).[2] Otherwise the statute provides no recovery. Like a statute of limitations the section is grounded in time. Unlike a statute of limitations, however, it has nothing to do with when actions must be brought.

The discovery rule is a device to relieve the harshness in certain applications of statutes of limitations. It extends the time within which actions must be brought. The rule cannot be used to eliminate statutory elements for a cause of action.

The claimant contends the discovery rule should apply on the basis of our holding in *John Deere Motor Works of Deere & Co. v. Meyers,* 410 N.W.2d 255, 257 (Iowa 1987). The case is however not in point. In *Meyers* we applied the discovery rule to a two-year claim filing period in a case involving an occupational hearing loss under Iowa Code chapter 85B. The claimant places great weight on the *Meyers* holding because we expressly attempted to "harmonize two interrelated statutes, sections 85.26 and 85B.8." *Id.* at 256. We think it is clear however that section 85A.12 will not submit to a similar "harmonizing." For

reasons we have explained, it does not set up a claim-filing period. Moreover the sections which this claimant would harmonize are not interrelated. Section 85A.12 does not provide a definition of the phrase "date of occurrence" found in section 85.26(1), as does section 85B.8.

The commission correctly refused to apply the discovery rule to the first unnumbered paragraph of Iowa Code section 85A.12. The claim for compensation was properly rejected.

III. The district court ordered a remand to the commissioner to "redetermine whether Meyer was disabled from within three years of his last work day continuously until he died." This was because the district court determined that a disability might also be established under an alternative theory under section 85A.12 (where death follows continuous disability from the disease, and compensation for the disability has been paid or awarded or a timely claim for the disability has been filed).

The remand was unwarranted. No one asserts that a claim, timely or otherwise, was ever filed for such disability. No finding by the commissioner on remand with regard to the question of when Meyer suffered a disability could justify an award. The order for remand is reversed.

IV. Meyer also contends the time constraints of section 85A.12, as interpreted by the agency, rendered the section unconstitutional as violative of the equal protection and due process clauses of the fourteenth amendment to the United States Constitution. The equal protection challenge is also grounded in article I section 6 of the Iowa Constitution.

These challenges were properly rejected by the district court. The claimant has not sustained the heavy burden she assumes in such a challenge. *See Miller v. Boone County Hosp.,* 394 N.W.2d 776, 778–79 (Iowa 1986).

She has pointed to nothing which would indicate a denial of due process. As to the

---

**2.** Because the issue is not before us we do not decide whether mesothelioma is a pneumoconi- osis.

equal protection challenge, the legislature could properly determine, on the basis of the repose of stale claims, that only those manifesting themselves within a set time should be viable. *See United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259, 266 (1979).

AFFIRMED AS MODIFIED.