Beverly PARSON and Rovina
Stancliffe, Appellees,

v.

WOODED LAKE MOBILE HOME
PARK, Appellant.

No. 91–1933.

Court of Appeals of Iowa.

Nov. 30, 1992.

Deborah L. Petersen of Perkins, Sacks, Hannan, Reilly & Petersen, Council Bluffs, for appellant.

Dennis P. Marks of Legal Services Corp. of Iowa, Council Bluffs, for appellees.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Rovina Stancliffe entered into a rental agreement with Wooded Lake Mobile Home Park ("landlord") in August 1982. Beverly Parson entered into a rental agreement in March 1989. Both Stancliffe and Parson ("tenants") own mobile homes and have been in possession of their respective lots since executing the rental agreements.

The tenants utilized underground gas lines to obtain gas service for their mobile homes.

When the tenants entered their rental agreements, they signed rules and regulations which included charging them with the responsibility for the gas service from the gas meter to the mobile home.

In July 1989, the City of Council Bluffs, Iowa, informed the landlord of several violations of the Uniform Plumbing Code which existed with the gas facilities in the trailer park. In August 1990, Peoples Natural Gas informed the landlord that the natural gas fuel lines from the meter running underground to the mobile homes failed to comply with the National Fuel Gas Codes.

In August 1991, Peoples Natural Gas informed the tenants that unless their underground gas lines complied with applicable local codes, their gas services would not be reconnected. The tenants were given until October 1, 1991, to replace the existing gas lines.

On September 16, 1991, the tenants filed a petition for specific performance and declaratory judgment requesting the court order the landlord replace the underground gas lines. The landlord stated pursuant to the signed rules and regulations, the tenants were responsible for the gas lines running from the gas meter to their mobile homes.

The parties stipulated to the facts. On November 12, 1991, the district court ordered the landlord to replace the existing gas lines. The district court found pursuant to Iowa Code section 562B.16(1)(b) (1991), the landlord had a duty to maintain the mobile home lot space in a fit and habitable condition. The lots would be unfit and unhabitable if they were unable to receive gas service. In addition, the district court found pursuant to Iowa Code section 562B.16(1)(d) the landlord had a duty to maintain all facilities supplied in good and safe working order. The district court also found the rules and regulations which place responsibility for the gas lines on lot tenants were unconscionable and unenforceable.

The landlord filed this appeal. We affirm.

## Scope of Review

Although this is a declaratory judgment action under Iowa Rule of Civil Procedure 267, we review it as any other judgment. Our scope of review is governed by how the case was tried in district court. *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). This case was tried in equity, so our review is de novo. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact-findings of the trial court, ... but are not bound by them. Iowa R.App.P. 14(f)(7)

## Discussion

This issue involves the construction and interpretation of Iowa Code chapter 562B, which governs the rights and responsibilities of mobile home park landlords and tenants. When interpreting a statute, our ultimate goal is to ascertain and give effect to the intention of the legislature. *John Deere Dubuque Works v. Weyant*, 442 N.W.2d 101, 104 (Iowa 1989). We seek a reasonable interpretation that will best effect the purpose of the statute and avoid an absurd result. *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989). When construing statutes, the entire act is considered and each section is construed with the act as a whole. *Matter of Bliven's Estate*, 236 N.W.2d 366, 369 (Iowa 1975).

Construed together, the provisions of Iowa Code chapter 562B require the landlord to replace the existing gas lines with gas lines which comply with applicable requirements. Iowa Code section 562B.16(1)(a) requires the landlord to "comply with the requirements of all applicable ... codes materially affecting health and safety...." Local plumbing codes and national fuel gas codes require replacement of the existing gas lines. In a letter from Peoples Natural Gas to one of the tenants, the existing gas lines were described as "potentially hazardous," requiring "utmost

attention." Thus, replacement of the existing gas lines falls squarely within the requirement that the landlord comply with applicable codes materially affecting health and safety.

Section 562B.16(1)(b) establishes a landlord's duty to make all repairs and maintain the mobile home lot space in a fit and habitable condition. We agree with the district court. Failure to require the landlord to replace the existing gas pipes would render the lot space unfit and unhabitable since the appellees would be unable to obtain heat. The code provision is clear that the duty belongs to the landlord.

Section 562B.16(1)(d) requires the landlord to maintain all facilities supplied or required to be supplied by the landlord. The landlord supplied the underground gas lines used by the tenants. The tenants have used the gas lines supplied by the landlord since they took possession of the lot spaces. The gas lines, as "facilities" supplied by the landlord, must be maintained by the landlord, pursuant to this code provision.

Finally, Iowa Code section 562B.19(3)(e) prohibits a landlord from "requiring a tenant to furnish permanent improvements which cannot be removed without damage thereto or to the mobile home space by tenant at expiration of rental agreement." Gas lines are a permanent improvement. We conclude the legislature did not intend for a tenant to install gas lines upon taking possession of a mobile home space and then to remove it upon expiration of the lease.

The landlord argues the applicability of Iowa Code section 562B.16(1)(f), which requires the landlord to provide "... outlets for electric, water and sewer services." The landlord claims the omission of gas lines from the section was intentional and, as such, requires the tenant to replace the existing gas lines. We are not persuaded. We agree with the district court's application of the code's definition of "mobile home space" to require the landlord to replace the gas lines. Iowa Code section 562B.7(5) defines "mobile home space" as "a parcel of land for rent which was designed to accommodate a mobile home and provide the required sewer and utility connections." Gas lines are a "utility connection" and covered by the code's definition. The statutory scheme as a whole does not lend itself to the interpretation that gas lines are specifically excluded in one section but included as a utility in other sections.

We find the statute requires the landlord to replace the existing gas lines. Thus, we are not persuaded by the landlord's argument that the rules and regulations signed by the tenants relieves the landlord of its duty. While the code allows a landlord to impose reasonable requirements on tenants, they are enforceable only if they are not for the purpose of evading an obligation imposed on the landlord. Iowa Code section 562B.19(1)(e). We find the landlord has an obligation to replace the gas lines and will not enforce agreements which relieve the landlord of that duty.

We affirm the decision of the trial court.

AFFIRMED.