Chad E. PRESTHUS, Petitioner–Appellant,

v.

BARCO, INC., a/k/a Barco Manufacturing, and Heritage Insurance Company, Respondents–Appellees.

No. 94–0715.

Court of Appeals of Iowa.

Feb. 28, 1995.

Mark S. Soldat, Algona, for appellant.

Eldon J. Winkel, Algona, for appellees.

Heard by DONIELSON, C.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

The claimant, Chad Presthus, suffered repetitive motion injuries to his arms while working for Barco, Inc. Presthus claims the injuries extended to his shoulders. A treating physician, Dr. Crane, indicated Presthus had suffered a five percent permanent impairment to his right upper extremity and a three percent permanent impairment to his left upper extremity. Crane also stated the injury did not extend to Presthus' shoulders.

Presthus filed a workers' compensation claim with the industrial commissioner. Presthus presented evidence including lay testimony that he suffered a substantial impairment to his arms and that the injury extended to his shoulders. Dr. Crane's impairment findings were presented.

The industrial commissioner entered a final decision adopting a deputy commissioner's decision awarding benefits on the basis of the impairment ratings determined by Dr. Crane. The commissioner concluded the impairment ratings converted into a five percent body-as-a-whole impairment. The commissioner rejected Presthus' claim that payments of permanent partial disability should not be suspended during the periods when Presthus was receiving temporary partial disability benefits. The commissioner also determined no penalty under Iowa Code section 86.13 should be imposed for late payments of benefits because the delays in payments were not substantial. The commissioner determined the compensation due dates were eleven days after the injury and every seven days thereafter pursuant to Iowa Code section 85.30.

Presthus filed a petition for judicial review challenging the industrial commissioner's decision. The district court entered a ruling essentially affirming the commissioner's decision. The district court determined the commissioner did consider lay testimony regarding the extent of Presthus' injury but chose to accept Dr. Crane's evaluation. The district court also determined the commissioner did not err by failing to find that Presthus' injury had extended into the whole body. The district court found the commissioner's decision that the payments of permanent partial disability should be suspended during periods when Presthus was receiving temporary partial disability benefits was correct. The court concluded the commissioner correctly determined that compensation due dates were eleven days after the injury and every seven days thereafter pursuant to Iowa Code section 85.30.

The court did accept Presthus' claim that the commissioner erred by not assessing a penalty for late payments when the commissioner found there were delays in payments. The court concluded that, upon partial remand, a five percent penalty should be imposed for any benefits which were unreasonably delayed. The court affirmed the remainder of the industrial commissioner's decision. The court directed Presthus to pay eighty percent of the cost of the judicial review action and of the appeal from the arbitration decision to the industrial commissioner. Presthus appeals.

■ I. *Scope of Review.* The scope of review in cases arising out of the Iowa Administrative Procedure Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162,

165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination, this court applies the standards of Iowa Code section 17A.19(8) (1993) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.*, 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dep't of Job Serv.*, 376 N.W.2d 915, 916–17 (Iowa App. 1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App. 1986).

II. *Injury.* Presthus claims the district court erred in affirming the commissioner's failure to find he sustained a work-related injury to the whole body. Presthus' primary claim is the commissioner allowed Dr. Crane's opinion to prevail over other evidence presented regarding injury to Presthus' shoulders.

In response to a letter from Presthus' attorney, Dr. Crane, an orthopaedic surgeon, stated, "I, in no way, feel that he has a problem that extends into the shoulder. I feel it is an upper extremity problem." Presthus provided lay testimony from himself, his mother, his father, and his best friend regarding his shoulder pain. An employer-designated chiropractor noted soreness in Presthus' shoulders, and a therapist at an occupational medicine clinic reported soreness and pain in his shoulders.

We believe a reasonable person would find Dr. Crane's findings to be adequate to support the commissioner's conclusion. The weight to be given expert testimony is for the finder of fact. *Rockwell Graphic Sys., Inc. v. Prince*, 366 N.W.2d 187, 192 (Iowa 1985). Simply because the evidence may support two different conclusions does not mean the commissioner's conclusion is not supported by substantial evidence. *Kostelac v. Feldman's, Inc.*, 497 N.W.2d 853, 856 (Iowa 1993); *John Deere Dubuque Works of Deere & Co. v. Weyant*, 442 N.W.2d 101, 105 (Iowa 1989); *Henry*, 391 N.W.2d at 734; *Mercy Health Center v. State Health Facilities Council*, 360 N.W.2d 808, 811–12 (Iowa 1985). When there is a conflict in the evidence, we are not free to interfere with the commissioner's findings. *Kostelac*, 497 N.W.2d at 856; *John Deere Dubuque Works*, 442 N.W.2d at 105; *Schreckengast v. Hammermills, Inc.*, 369 N.W.2d 809, 811 (Iowa 1985); *Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 239 (Iowa 1981).

III. *Impairment.* Presthus contends the district court erred by affirming the commissioner's impairment rating. The commissioner, based on findings by Dr. Crane, found Presthus incurred a five percent permanent impairment to his right upper extremity and a three percent permanent impairment to his left upper extremity and a five percent impairment to his body as a whole. Presthus' primary contentions are that Dr. Crane provided little explanation in how he arrived at his findings, and that the commissioner ignored lay testimony and other medical testimony in determining the impairment rating.

Lay testimony was provided by the same individuals as referred to in the above issue. They testified regarding functions they felt he could no longer perform after the injury. The therapist, at the occupational medicine clinic, also gave detailed evidence on Presthus' performance in tests performed in an examination. Dr. Crane's findings were as follows:

> I can find no underlying illness to explain all of his problems except basically fibrositis/tendinitis. Because of his chronic pain, tingling, etc., I would give him a 5% disability of the right upper extremity and a

3% disability of the left upper extremity, the difference being the difference between dominant and non-dominant.

As the district court noted, the commissioner expressly did consider the testimony given by the lay witnesses. Simply because the commissioner chose to use Dr. Crane's findings in reaching the impairment ratings does not mean that no consideration was given to the other evidence. Nor do we believe there was a failure to give consideration to the lay testimony simply because Presthus claims none was given.

■ As previously stated, the weight to be given to expert testimony is for the fact finder. *Rockwell Graphic*, 366 N.W.2d at 192. All evidence, both medical and nonmedical, is to be considered. *Miller v. Lauridsen Foods, Inc.*, 525 N.W.2d 417 (Iowa 1994). Lay testimony is both relevant and material. *Id.* While Dr. Crane's findings were ultimately relied on, the commissioner expressly set out the lay testimony in his findings of fact. We believe this to be evidence that the commissioner gave due consideration to the lay testimony.

■ We further find Dr. Crane's findings to be such that a reasonable person would find them adequate to reach the commissioner's conclusion. While Presthus would like a better explanation of how the findings were reached, we conclude enough was given. The fact that other evidence may support a higher impairment rating does not mean the commissioner's conclusion is not supported by substantial evidence. *See Kostelac*, 497 N.W.2d at 856; *John Deere Dubuque Works*, 442 N.W.2d at 105; *Henry*, 391 N.W.2d at 734; *Mercy Health Center*, 360 N.W.2d at 811–12. As was previously stated, when there is a conflict in the evidence, we are not free to interfere with the commissioner's findings. *Kostelac*, 497 N.W.2d at 856; *John Deere Dubuque Works*, 442 N.W.2d at 105; *Schreckengast*, 369 N.W.2d at 811; *Ward*, 304 N.W.2d at 239.

IV. *Payment of Permanent Partial Benefits.* Presthus contends the district court erred by affirming the commissioner's determination that permanent partial disability compensation should be suspended during a temporary partial disability period. Although Presthus does not make it clear in his brief, we assume Presthus is asserting he should have been paid his permanent partial benefits beginning on July 6, 1990, at the same time the temporary partial benefits became effective. The commissioner determined the permanent partial benefits would begin on August 2, 1990, after all of the temporary partial benefits had been paid.

■ In this particular case, Presthus was receiving both temporary partial and permanent partial benefits for the same injury. It follows that, in order to receive both benefits at the same time as Presthus suggests, Presthus' injury would have to cause him to be both temporarily and permanently disabled at the same time. We are not persuaded that such a result is attainable. We conclude Presthus cannot receive temporary partial and permanent partial benefits for the same injury at the same time.

V. *Compensation Due Dates.* Presthus contends the district court erred in affirming the commissioner's finding that compensation due dates were eleven days after the injury and every seven days thereafter. Instead, Presthus urges healing period benefits are due on the date of the injury and every seven days thereafter; and permanent partial benefits are due on the date the healing period terminates and every seven days thereafter. Presthus primarily bases his contention on his reading of *Teel v. McCord*, 394 N.W.2d 405 (Iowa 1986).

The district court's findings are based on the provisions set out in the Iowa Code. The Code states:

Compensation payments shall be made each week beginning on the eleventh day after the injury, and each week thereafter during the period for which compensation is payable, and if not paid when due, there shall be added to the weekly compensation payments, interest at the rate provided in section 535.3 for court judgments and decrees.

Iowa Code § 85.30 (1993). This section clearly supports the findings of the commissioner and the district court. Presthus' in-

terpretation of *Teel* is erroneous.[1] The holding in *Teel* is not contrary to the provisions in the Code.

VI. *Penalty for Delays.* Presthus argues the district court erred in assessing a five percent penalty under Iowa Code section 86.13 (1993) for delayed or denied benefits. That section provides, in part:

> If a delay in commencement or termination of benefits occurs without reasonable or probable cause or excuse, the industrial commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were unreasonably delayed or denied.

Iowa Code § 86.13 (1993). The deputy commissioner denied the penalties claim finding Presthus failed to carry his burden in showing the alleged delays were without reasonable or probable cause or excuse. The commissioner found the delays in payments were not so substantial as to require imposition of a penalty. No mention was made in the commissioner's decision regarding reasonable or probable cause or excuse. The district court made the following finding:

> Inasmuch as the commissioner found that there was delay but did not find that the delay was reasonable or that probable cause or excuse existed for the delay, then the statute mandates that benefits be awarded. The commissioner did find that the delays were not substantial. Therefore, the award should be minimal. The Court concludes that a 5% penalty should be imposed for any benefits that were unreasonably delayed or denied.

In its final disposition, the district court remanded to the commissioner for a determination of whether there was unreasonable delay for each of the alleged delays. For each delay deemed to be unreasonable, the district court decreed a five percent penalty should be assessed.

 We agree with the district court's decision that a remand is necessary. The commissioner erred in determining penalties were not necessary since the delays were not substantial. Under the statute, additional benefits will be awarded "if a delay in commencement or termination of benefits occurs without reasonable or probable cause or excuse." No such finding was made by the commissioner regarding reasonable or probable cause or excuse. A remand is necessary to enable the commissioner to make that determination.

We modify the district court's decision regarding the imposition of a five percent penalty. Under section 86.13, it is the commissioner's duty to assess the penalty.[2] The district court's responsibility in judicial review of agency decisions is to correct errors at law. *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 14 (Iowa 1993). The district court fulfilled this responsibility by finding the commissioner incorrectly applied section 86.13 and by remanding the case for further determination. Should the commissioner find any of the alleged delays are without reasonable or probable cause or excuse, then the commissioner shall assess an appropriate penalty at that time.

VII. *Costs.* Presthus contends the district court erred in assessing eighty percent of the costs against him. The district court has discretion in taxing costs. Iowa Code § 86.32 (1993). We find the district court did not abuse its discretion in assessing costs.

In summary, we affirm the district court's partial remand as modified in this opinion.

**AFFIRMED AS MODIFIED AND REMANDED TO THE INDUSTRIAL COMMISSIONER WITH DIRECTIONS.**

---

1. Contrary to Presthus' assertions, *Teel* dealt with whether interest on compensation payments should begin to accrue from the time when the award is eventually granted to the claimant or from the time the claimant's right to permanent partial disability actually arises (upon the termination of the healing period). The court in *Teel* chose the latter. We do not believe *Teel* concerns itself with the maturity dates set out in section 85.30.

2. It appears Barco, in its brief, may agree that it is the commissioner's responsibility to set the amount of additional benefits under section 86.13.