**Ruth A. THILGES, Appellant,**

v.

**SNAP–ON TOOLS CORPORATION
and Royal Insurance Company,
Appellees.**

No. 93–1354.

Supreme Court of Iowa.

May 18, 1995.

Rehearing Denied June 15, 1995.

Mark S. Soldat, Algona, for appellant.

Paul C. Thune, Des Moines, for appellees.

### ORDER

The appellant, Ruth A. Thilges, filed a petition for rehearing on April 13, 1995. In that petition, she correctly asserts that the opinion in this case filed on March 29, 1995, and now published as *Thilges v. Snap–On Tools Corp.*, 528 N.W.2d 614 (Iowa 1995), failed to address an issue concerning the computation of interest on weekly workers' compensation benefits not paid when due.

■ The district court had ordered that weekly benefit payments should be considered paid when placed in the United States mail addressed to the claimant. Our recent decision in *Kiesecker v. Webster City Custom Meats, Inc.*, 528 N.W.2d 109 (Iowa 1995), as amended on May 16, 1995, confirms the correctness of that ruling. Our failure to address it in the *Thilges* opinion did not affect the result.

■ In determining the calculation of interest in the present case, the Industrial Commissioner correctly recognized that our decision in *Teel v. McCord*, 394 N.W.2d 405 (Iowa 1986), controls that issue. That decision held that interest is allowed on each compensation payment from the date it was due, as finally determined by the commissioner or reviewing court, and not from the date of the administrative decision. *Id.* at 407. Although not disputing the rule in *Teel*, the commissioner refused to make the interest calculation in the present case and relegated that matter to counsel for the competing interests. On judicial review, the district court ordered that, if the parties cannot agree on interest recoverable for late payment of weekly benefits, the Industrial Commissioner was obliged to resolve the dispute. We agree that this is the commissioner's obligation in enforcing the provisions of section 85.30. Because our March 29, 1995 decision affirmed the district court's order in this respect, we need not grant the petition for rehearing.

The petition for rehearing is denied.

/s/ Arthur A. McGiverin
Arthur A. McGiverin,
Chief Justice