DOROTHY L. POOLE, administratrix of estate of Ralph Morris, deceased, et al., appellants, v. HALLETT CONSTRUCTION Co. et al., appellees.

No. 52727.

(Reported in 154 N.W.2d 716)

DECEMBER 12, 1967.

Joseph L. Phelan, of Fort Madison, for appellants.

John C. Stevens, of Muscatine, for appellees.

SNELL, J.—This is a Workmen's Compensation case. Claimants appealed from the judgment of the district court affirming the industrial commissioner's denial of compensation. We affirm.

On May 1, 1962, Ralph Morris was, and had been for some time, employed by Hallett Construction Company as a welder. While so employed he fell against a concrete spreader and hit his left hip. He testified: "It was just like you stumble and fall against that chair." He felt pain at the time but kept on working.

The subsequent and present issue was and is the causal connection between the injury and his death from cancer (liposarcoma) on March 8, 1963.

The original Application for Arbitration was filed January 28, 1963, by Ralph Morris as claimant. It became apparent that Mr. Morris would not live to a time when an oral hearing could be held and upon proper application the District Court of Cedar County ordered that his testimony by deposition be perpetuated. After Ralph Morris' death on March 8, 1963, the other captioned parties were substituted as claimants by order of the industrial commissioner.

We summarize the medical testimony as our review is not de novo.

Some time after his injury Mr. Morris consulted a doctor. The doctor testified:

"I did not take any X rays at the time because the nature of the injury was so mild as to be one that would not require any special procedure. The immediate results of the injury consisted of pain, tumor or swelling, discoloration and restriction of motion in the involved area. * * * On May 16 I was consulted by Mr. Morris and made an examination of him and there was an area of tenderness and made a discoloration at the site of the injury described previously. My recommendation at that time was conservative management of a bruise consisting of analgesic medication such as aspirin, and after a reasonable length of time the application of heat to the affected

part. * * * From that date on to the latter part of July, I saw him at my home or sometimes at the office for just a few minutes. On July 21 I saw Ralph again. At that time there was a slight discoloration persistent. The area of the swelling which previously had largely subsided had increased in size. * * * "

Up to July 21, 1962, the diagnosis was hematoma which is an accumulation of blood under the skin, however, the doctor had begun to suspect a tumor. On July 21, 1962, Morris was seen at the hospital in Keosauqua, Iowa, by Doctor Stephen Fox an orthopedic surgeon from Ottumwa. He testified that he examined claimant upon Doctor Gustafson's request and recommended biopsy which is the removal of a small part of tissue for the purpose of microscopic examination.

On July 30, 1962, Doctor Gustafson excised the tumor in his office. At that time, it clearly appeared the entire tumor was not removed and this was confirmed by the pathology report which diagnosed the liposarcoma. Lyle Adams, M. D., of Fort Madison saw Morris on August 28, 1962, and treated him by X ray to November 16, 1962. Thereafter claimant's disease became terminal and he died on March 8, 1963.

Claimants offered medical testimony to support the claim that there was or could be causal connection between Mr. Morris' bruised hip and the development or aggravation of cancer and premature death.

The employer and insurance carrier offered medical testimony to the contrary. One of defendants' witnesses was a cancer researcher and surgeon. The doctor testified at length. He was described by the deputy industrial commissioner who heard the case as "one of this country's leading authorities on cancer." He testified there was no causal connection between Mr. Morris' bruised hip and his cancer and subsequent death.

The deputy commissioner found and held "that Mr. Morris' falling incident and the cancer subsequently discovered at the site of the bruise were causally unrelated."

On Review Decision the commissioner found and held as a finding of fact:

"That on or about May 1, 1962, Ralph Morris sustained a personal injury in the nature of a blow to his left hip arising

out of and in the course of his employment by Hallett Construction Co.

"That the claimants have failed to establish by a preponderance of the evidence that the subsequently diagnosed condition of liposarcoma and the employee's death resulting therefrom were related to said personal injury."

On appeal to the district court the evidence was reviewed at length and the commissioner's decision was affirmed.

The law applicable to this case has been frequently reviewed and settled. Reference to appropriate authorities rather than discussion thereof will suffice.

■ I. No fraud is claimed. In the absence of fraud and if there is sufficient competent evidence to support the commissioner's finding it is binding on us. Sections 86.29 and 86.30, Code of Iowa; Sister Mary Benedict v. St. Mary's Corporation, 255 Iowa 847, 124 N.W.2d 548; Crees v. Sheldahl Telephone Company, 258 Iowa 292, 139 N.W.2d 190.

In Giere v. Aase Haugen Homes, Inc., 259 Iowa 1065, 1070, 146 N.W.2d 911, we said our "review is not de novo and the findings of the commissioner have the force and effect of a jury verdict. This is true even though the court might have arrived at a different conclusion. Olson v. Goodyear Service Stores, 255 Iowa 1112, 125 N.W.2d 251.

■ "The claimant had the burden to show by a preponderance of the evidence that the condition complained of was causally connected to the injury received in the course of employment. [Citation]

■■ "It is the duty of the commissioner to determine where the preponderance of evidence lies in compensation proceedings. [Citations] It is not often a party who had the burden of proof establishes his claim as a matter of law [citation]."

In the case before us the commissioner carefully reviewed the evidence. There was competent evidence to support the commissioner's findings. We cannot say that there was reversible error in connection therewith.

II. Appellants argue there was error in finding the employer not negligent in failing to investigate and furnish proper

treatment and medical care. Appellants cite no authority for this claim.

In the light of a finding that there was no causal connection between decedent's injury and his subsequent illness and death the claim is without factual support. The case is—Affirmed.

All JUSTICES concur.