Joyce MILLER, Appellant,

v.

LAURIDSEN FOODS, INC., Employers
Mutual Companies, and Hartford
Insurance Co., Appellees.

No. 93–546.

Supreme Court of Iowa.

Dec. 21, 1994.

Mark S. Soldat, Algona, for appellant.

Robert C. Landess and Anne Clark of Hopkins & Huebner, P.C., Des Moines, and George H. Capps and Kent A. Gummert of Comito, Capps & Critelli, Des Moines, for appellees.

ANDREASEN, Justice.

On judicial review the district court affirmed the decision of the industrial commissioner. The industrial commissioner had adopted the deputy commissioner's arbitration decision as final agency action. The deputy commissioner had awarded scheduled temporary and permanent disability benefits to the employee arising from a cumulative bilateral upper extremities injury. On appeal we transferred the case to the court of appeals. After the court of appeals affirmed the decision of the district court, we granted the employee's application for further review. Upon review we find it was error to exclude lay witness testimony as a sanction for failure to supplement interrogatories under the circumstances of this case. We vacate the decision of the court of appeals, reverse the district court decision, and remand to the industrial commissioner for reconsideration.

## I. *Background.*

In June 1981, the petitioner, Joyce Miller, began to work for Lauridsen Foods, Inc. as a meat trimmer. In August 1985 she was treated for right wrist and forearm tendonitis. Miller was told by her doctor that she was developing bilateral carpal tunnel syndrome. In September 1986 a medical examination indicated Miller had tendonitis in both forearms requiring her to be off work several days. In the summer of 1987, three surgeries were performed on her for carpal tunnel syndrome. Miller returned to work in the fall of 1987 with restrictions and in February 1988 the restrictions were removed. She was hospitalized for depression in June of 1988. After her release from the hospital, she did not return to work for Lauridsen Foods.

Miller filed three separate workers' compensation claims against her employer and its insurance carriers in June of 1988. In case No. 878992, she claimed the working conditions at Lauridsen Foods were so difficult, given her physical condition, that on June 14, 1988 a mental condition was brought on. In the two other cases Miller claimed that in 1985 or 1986 she suffered cumulative trauma, overuse syndrome, causing injury to her upper extremities, shoulder and neck.

In case No. 878992 Lauridsen Foods and carrier Hartford Insurance Company promptly filed interrogatories requesting the names of persons who had knowledge of Miller's alleged physical or mental condition and the names of persons she expected to call at trial. Miller's response, filed in 1988, identified her husband David and professionals of a mental health center. The response did not identify Julie Larson, Jerry Larson, or Milan Harris as persons with knowledge or who Miller intended to call at trial. No comparable interrogatories were submitted by Lauridsen Foods and the carrier Employers Mutual Companies as to the other two cases.

In April 1989 the deputy commissioner ordered Miller's three cases be consolidated. Case No. 878992 was dismissed by Miller in 1990. Later, when the deputy commissioner entered a pretrial order requiring the parties to specify all witnesses they expected to tes-tify at trial, Miller's witness list included her husband, Julie Larson, Jerry Larson, and Milan Harris.

Hearing on Miller's claims was conducted on March 13, 1991 by the deputy commissioner. Immediately before the commencement of the hearing, Lauridsen Foods and its carriers delivered to Miller's counsel a motion to exclude the lay witnesses as a sanction because Miller had failed to supplement her interrogatory response in case No. 878992. In resistance, Miller argued she had no duty to supplement interrogatories in a case that had been dismissed, that the lay witnesses had been listed in the response to the deputy commissioner's pretrial order, and that under the rules of civil procedure the consolidation did not result in a merger of the cases. The deputy commissioner adopted a consolidation theory of merger and granted the motion which excluded the lay witnesses from testifying. On appeal, the arbitration decision of the deputy commissioner was adopted by the industrial commissioner after making certain modifications of the decision sought by the employer and its carriers.

On judicial review, the district court concluded that Lauridsen Foods and its carriers had a right to rely on the answers to interrogatories because the three claims had been consolidated. Therefore, the discretionary ruling of the deputy commissioner was not an abuse of discretion. The court of appeals agreed the sanction was appropriate.

## II. *Consolidation of Claims.*

 Generally, the rules of civil procedure govern contested case proceedings before the industrial commissioner unless the provisions are in conflict with department rules of the provisions of the Iowa Code. 343 Iowa Admin.Code 4.35 (1991). The industrial commissioner on motion or at pretrial may consolidate separate claims involving common questions of fact and law. Iowa R.Civ.P. 185; 343 Iowa Admin.Code 4.9(7), 4.20(8).

 Iowa's rule on consolidation is modeled after federal rule 42. We agree with the interpretation of the rule as expressed in

*Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir.1977). As stated therein:

> Consolidation under Rule 42(a), Fed.R.Civ. P., is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in separate suits.

*Id.* (citations omitted). Although cases may be consolidated for trial, the cases generally preserve their separate identity.

### III. *Discovery Sanctions.*

Discovery procedures applied in civil cases are available in contested cases before an agency. Iowa Code § 17A.13(1) (1991). Interrogatories may be submitted by a party and the failure to answer interrogatories is subject to sanctions. Iowa R.Civ.P. 122, 126, 134. Here the deputy commissioner's authority to impose sanctions for failure to comply with discovery in case No. 878992 was removed by the dismissal of that action. An interrogatory related to an issue raised in one of the consolidated cases may be irrelevant to issues raised in the other case or cases. Miller had the right to dismiss the claim and avoid sanctions that might otherwise have been imposed. *See Venard v. Winter,* 524 N.W.2d 163 (Iowa 1994) (plaintiff may voluntarily dismiss action and refile an identical action to avoid the consequences of failing to identify expert witnesses before statutory deadline). It was error for the court to exclude the lay witnesses as a sanction for failure to comply with discovery.

### IV. *Harmless Error.*

If it was error to exclude nonmedical witness testimony, counsel for Lauridsen Foods and its carriers urge the error was harmless. To determine if this error is harmless, we consider if the exclusion of lay testimony is prejudicial to Miller. This requires that we consider the nature of her claims.

Miller claims her injuries occurred gradually and cumulatively from a series of traumas and resulting treatments in 1985 through 1988. She alleges her upper extremities, shoulder, and neck were injured causing a permanent partial disability of the body as a whole. The claimant has the burden to establish "the disability proximately caused by the injury." *Freeman v. Luppes Transp. Co., Inc.,* 227 N.W.2d 143, 148 (Iowa 1975); *Poole v. Hallett Constr. Co.,* 261 Iowa 481, 484, 154 N.W.2d 716, 718 (1967) (Burden of claimant to show "that the condition complained of was causally connected to the injury received in the course of employment.").

Iowa has adopted the cumulative injury rule. *McKeever Custom Cabinets v. Smith,* 379 N.W.2d 368, 374 (Iowa 1985). This rule may apply when the disability develops over a period of time. *Id.* at 373. For workers' compensation purposes a cause is proximate if it is a cause; it need not be the only cause. *Blacksmith v. All–American, Inc.,* 290 N.W.2d 348, 354 (Iowa 1980). When there has been a compensable injury and the claimant's injury-related disability is increased or prolonged by a trauma-connected neurosis, all disability, including the effects of such nervous disorder, is compensable. *Gosek v. Garmer & Stiles Co.,* 158 N.W.2d 731, 733 (Iowa 1968).

Scheduled disability is evaluated on a functional basis; unscheduled disability is determined industrially. *Simbro v. Delong's Sportswear,* 332 N.W.2d 886, 889 (Iowa 1983). Industrial disability goes beyond body impairment and measures the extent to which the injury impairs the employee's earning capacity. *Second Injury Fund of Iowa v. Shank,* 516 N.W.2d 808, 815 (Iowa 1994). Functional disability is arrived at by determining the impairment of the employee's bodily function and is limited to the loss of the physiological capacity of the body or body part. *Id.* If an employee suffers both an injury to a scheduled member and also to part of the body not included in the schedule, then the resulting injury is compensated on the basis of an unscheduled injury. *Honeywell v. Allen Drilling Co.,* 506 N.W.2d 434, 436 (Iowa 1993); *Mortimer v. Fruehauf Corp.,* 502 N.W.2d 12, 16 (Iowa 1993).

The employer and carriers argue there was no prejudice in excluding three lay witnesses because "the record was replete with opinions of various experts regarding Miller's limitations and alternative impairment rat-

ings." Based on "the greater weight of the medical evidence" the deputy commissioner's findings, which were adopted by the commissioner, concluded Miller had incurred simultaneous bilateral work-related carpal tunnel syndromes requiring surgeries on both wrists and a right cubital and ulnar tunnel release in 1987. "Based on the great weight of medical evidence" the commissioner found Miller had three percent permanent partial impairment to her upper extremities, a scheduled disability that entitled her to twenty weeks of permanent partial disability benefits. The commissioner also found "the greater weight of the medical evidence" shows no objective findings to indicate a work-related injury to Miller's neck and shoulder, and that the medical evidence was tainted by incorrect or inadequate history. Thus, it is argued, any testimony from nonmedical witnesses of claimant's limitations is irrelevant and immaterial. We do not agree.

 It is a fundamental requirement that the commissioner consider all evidence, both medical and nonmedical. Lay witness testimony is both relevant and material upon the cause and extent of injury. *Giere v. Aase Haugen Homes, Inc.*, 259 Iowa 1065, 1072, 146 N.W.2d 911, 915–16 (1966). Expert medical testimony may be "buttressed by supportive lay testimony." *McKeever*, 379 N.W.2d at 374. We have considered lay witness testimony in determining an employee's disability and functional impairment. *Lauhoff Grain Co. v. McIntosh*, 395 N.W.2d 834, 840 (Iowa 1986).

 There was medical testimony that Miller suffered a twenty-six percent impairment of her left arm, a thirty-seven percent impairment to her right arm and a three percent impairment of her spine. Other medical testimony found some physiological cause of her neck and shoulder pain. Lay testimony could buttress the medical testimony and would be relevant and material in determining the cause and extent of Miller's injuries and condition. It was error for the commissioner to exclude lay witnesses as a sanction and such error was not harmless.

### V. *Disposition.*

 We reverse the commissioner's decision and return this case to the commissioner for the purpose of receiving additional evidence by the designated lay witnesses. The commissioner shall then reconsider and weigh Miller's claims based upon *all* of the evidence including the testimony of the lay witnesses. The determination of functional disability is not limited to impairment ratings established by medical evidence. The commissioner should then reconsider and redetermine the benefits based upon the entire record and in accordance with the principles set forth in this opinion. The commissioner should also reconsider the assessment of costs, penalties, and interest.

Costs of appeal are assessed against the appellees.

**DECISION OF COURT OF APPEALS VACATED; RULING OF DISTRICT COURT REVERSED AND CASE REMANDED TO THE INDUSTRIAL COMMISSIONER FOR RECEIPT OF ADDITIONAL EVIDENCE AND RECONSIDERATION.**

All Justices concur except SNELL, J., who dissents, and is joined by McGIVERIN, C.J., and HARRIS and LARSON, JJ.

SNELL, Justice (dissenting).

I respectfully dissent.

Petitioner filed her three petitions for workers' compensation in June 1988 asserting cumulative injury periods commencing in 1984. On April 12, 1989, all three cases were consolidated by the industrial commissioner. The discovery process proceeded and interrogatories were propounded by defendants in all three cases. On April 25, 1990, Miller dismissed her case No. 878992 that had asserted claims against Hartford Insurance Company. Claims remained, however, against Hartford, Employers Mutual Companies and Lauridsen Foods, Inc. in the remaining two consolidated cases. On the same date as the dismissal of case No. 878992, Miller filed a third amendment to the petitions in each of the remaining two cases. The deputy commissioner denied the pro-

posed amendments as being untimely, failing to clarify issues, and further confusing them.

On November 14, 1988, many months before dismissing case No. 878992 on April 25, 1990, Miller responded to an interrogatory from Hartford asking for a witness list. Interrogatory No. 17 asked:

Give the name and addresses of each and every person known to the claimant who has personal knowledge of the claimant's present physical or mental complaints and whom the claimant expects to call as a witness at the time of trial. Names of doctors or other medical personnel are not sought in this interrogatory.

The answer given by Miller was: "No expectations at this time, other than likelihood of calling my husband." Not listed were the names of three lay witnesses Miller sought to use at the hearing on March 13, 1991 on claims in the remaining two cases. These witnesses had been identified by Miller on February 25, 1991 for the first time. Then on March 5, 1991, Miller filed a motion to impose a sanction on Lauridsen Foods and their insurance carriers by excluding all of their witnesses. The reason given was a failure to seasonably supplement their interrogatory responses. Lauridsen and the insurance carriers filed resistances and on March 12, 1991, moved for a sanction excluding Miller's witnesses for the same reason. The deputy commissioner excluded some witnesses proffered by each side.

Miller cites this sanction against her as being unreasonably hypertechnical. She argues that the consolidation came after her witness expectation interrogatory response and she had no duty to supplement that response on a case she later dismissed. The consolidation order was made on April 4, 1989; Miller dismissed case No. 878992 on April 25, 1990; the claims were heard on March 31, 1991. Moreover, Miller argues there was no duty of response owed to Employers Mutual when the interrogatory was propounded only by Hartford.

In reviewing this issue, the district court made this observation:

The difficulty with Joyce's [Miller's] position is that all three claims had been consolidated for trial and Lauridsen had the right to rely upon the answer to that interrogatory in preparing for the hearing. This was a discretionary ruling made by the deputy commissioner, and the exclusion of the witnesses does not constitute an abuse of discretion vested in him, especially in view of the fact that prior to the dismissal Joyce amended one of the remaining claims to include the injury date and injury which was pled in the case which was dismissed. It should be pointed out that the deputy commissioner also excluded the testimony of certain witnesses whom the respondents wish to call even though those witnesses had been named on the answers to Joyce's interrogatories.

In its review, the court of appeals said:

Appellant first argues the district court erred in affirming the commissioner's exclusion of evidence. The commissioner excluded evidence on several bases. First, the commissioner granted Employers' motion for discovery sanctions based on appellant's failure to supplement answers to interrogatories in a related claim which was consolidated with the two claims before the agency, but later dismissed. The dismissed claim initially listed Employers as the insurance carrier but later was amended to substitute Hartford. Because of the close interrelationship of the claims, issues, and parties, we conclude it was reasonable and not arbitrary for the commissioner to grant the discovery sanctions, excluding testimony of certain witnesses.

Miller further argues that our rule on consolidation, Iowa R.Civ.P. 185, was modeled after federal rule 42 and should therefore follow its interpretation. Cited for this is the statement:

Consolidation under rule 42(a), Fed.R.Civ. P., is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in separate suits. Rights are unaffected even though a consolidated complaint is filed.

*Cole v. Schenley Indus. Inc.*, 563 F.2d 35, 38 (2d Cir.1977) (citations omitted); *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97, 53

S.Ct. 721, 727–28, 77 L.Ed. 1331, 1344–45 (1933).

Miller's argument for adoption of a federal circuit court's view of the effect of consolidating cases misdirects the legal issue involved. After the three cases were consolidated, Miller had an obligation to supplement her answers to interrogatory No. 17, the same as before consolidation. Her voluntary dismissal of case No. 878992 did not erase that duty, wiping the slate clean, so that the same claim could reappear, unfettered, as a part of the remaining two cases. Yet, this is exactly what transpired, whether by accident or design. To accept Miller's premise that this is a consolidation issue wherein her rights were destroyed transfigures the entire scenario. Miller would acquire rights she did not have before she dismissed case No. 878992 and was not entitled to after dismissal.

The deputy commissioner was exercising a discretionary judgment in excluding the proffered witnesses. This is not a question of the rights of the parties. Consolidation would accomplish little and would hobble the agency's ability to expedite these hearings if it operated as Miller suggests. Miller's argument ignores the fact that in all three cases the actual party defendant is Lauridsen Foods, the employer. The actions are against the employer. The insurance carriers are parties only by reason of the issuance of a policy of insurance. Iowa Code § 85.3(1) (1993); 343 Iowa Admin.Code 4.10 (1986).

My review shows that the court of appeals and the district court carefully considered this issue and correctly affirmed the exercise of discretion by the deputy industrial commissioner as the law was applied to the factual situation surrounding the consolidation of these cases.

Miller mounts a vigorous argument that the exclusion of the three lay witnesses tipped the balance against her and was wrong in law and reason. She claims that improper deference to medical testimony over lay witness evidence is shown. The decision of the deputy commissioner shows that the lay testimony of Miller's husband was considered. However, the evidence of Miller's incapacities, both physically and psychologically, was presented by trained professionals not just abundantly but overwhelmingly. Additional lay evidence would have provided little or no help to the deputy commissioner. This is because the deciding issue was not what activities she could or could not do but rather what caused her disability and what was the nexus to her employment.

The deputy commissioner specifically named and analyzed the testimony and written statements of numerous witnesses submitted in evidence. These included David Boarini, M.D., a neurologist, Todd F. Hines, Ph.D., a clinical psychologist, Thomas F. DeBartolo, M.D., an orthopedic surgeon, Stephen M. Bolton, M.D., Dr. Ronald S. Bergman, T.S. Mead, M.D., Alfredo D. Socarras, M.D., R.B. Trimble, M.D., Dr. Bottjen, R. Larson, M.D., and M. Pelton, M.D.

Extensive testimony and supporting documents show that physical as well as psychological examinations were given Miller on many occasions. The deputy commissioner analyzed and quoted from them and described the evidence presented by the witnesses in a fifteen-page statement of facts.

Miller presented considerable detail to support her claims. Nevertheless, there is substantial evidence in the record to uphold the industrial commissioner's decision. *See Sondag v. Ferris Hardware*, 220 N.W.2d 903, 905 (Iowa 1974). Essentially, Miller argues that the review standard in these cases is unfair and that we should engage in a de novo review. That suggestion is for the legislature's evaluation. Our limited review has been long established by statute and our cases. *See* Iowa Code § 17A.19(8); *Dillinger v. City of Sioux City*, 368 N.W.2d 176 (Iowa 1985).

This case has been considered by the deputy industrial commissioner who filed a twenty-page opinion and by the industrial commissioner who filed a six-page opinion. These decisions were reviewed and affirmed by the district court in a sixteen-page opinion. This review was affirmed by the court of appeals' eleven-page opinion. While I do not suggest that a decision is necessarily correct because an opinion is lengthy, I do find that in the six years of its litigation this

case has been thoroughly considered and reviewed. I recognize that the petitioner marshaled considerable evidence to support her claims, but as in most cases countering evidence was presented.

In *Musselman* we said:

Sections 86.29 and 86.30, Code 1962, have been repeatedly construed as making the commissioner's findings of fact conclusive on appeal where the evidence is in dispute or reasonable minds may differ on the inferences fairly drawn from the disclosed facts. If the evidence presents a question which should be submitted to a jury, if trial were to a jury, then the courts are bound by the commissioner's findings.

*Musselman v. Central Tel. Co.*, 261 Iowa 352, 154 N.W.2d 128, 130 (1967). We confirmed this interpretation of our law in *Kostelac v. Feldman's, Inc.*, 497 N.W.2d 853 (Iowa 1993).

The decision of the court of appeals and the judgment of the district court should be affirmed.

McGIVERIN, C.J., and HARRIS and LARSON, JJ., join this dissent.