Christa **CHRISTENSEN,** Appellant,

v.

**SNAP–ON TOOLS CORPORATION,** Appellee.

No. 98–1388.

Court of Appeals of Iowa.

July 23, 1999.

Michael S. Roling of Peddicord, Wharton, Thune & Spencer, P.C., Des Moines, for Appellee.

Heard by SACKETT, C.J., and MAHAN and ZIMMER, JJ.

MAHAN, J.

Christa Christensen appeals the district court's ruling on judicial review affirming the industrial commissioner's remand decision. We reverse and remand.

This case comes to our court following a remand by the Supreme Court in *Christensen v. Snap–On Tools Corp.*, 554 N.W.2d 254 (Iowa 1996). The facts of the case are set out in that decision and need not be fully repeated here. Our Supreme Court upheld the decision of the district court which had remanded the matter back to the industrial commissioner. The Supreme Court noted the industrial commissioner had determined Christensen had suffered an injury which included both a crush injury to the right forearm as well as right lateral epicondylitis. The commissioner had held Christensen's entitlement to medical benefits extended to both conditions. Yet, the commissioner only made specific findings with regard to the crush injury to the right forearm and failed to make any findings with respect to loss of function for the right lateral epicondylitis. The Supreme Court upheld the remand so that the commissioner could either reassess the functional capacity, considering both injuries, or clarify the ruling. In addition, the court instructed the industrial commissioner to consider all evidence, both medical and nonmedical.

On remand, the industrial commissioner declined to increase the impairment rating for the crush injury to the right forearm and held the epicondylitis impairment to be zero. The district court affirmed on judicial review. Christensen appeals.

**I. STANDARD OF REVIEW.** Our review of an agency's decision is solely to correct any errors of law. *Robbennolt*

Mark S. Soldat, Algona, for Appellant.

*v. Snap–On Tools Corp.*, 555 N.W.2d 229 233 (Iowa 1996). The agency's decision is final if it is supported by substantial evidence and is correct in its conclusions of law. *Id.*

## II. LAY WITNESS TESTIMONY.

Our Supreme Court in *Christensen* concluded it was disputed and unclear whether the industrial commissioner had factored the lay testimony into the original decision.

The commissioner is required to consider all the evidence, both medical and nonmedical. *Christensen v. Snap–On Tools Corp.*, 554 N.W.2d 254, 257 (Iowa 1996); *Terwilliger v. Snap–On Tools Corp.*, 529 N.W.2d 267, 273 (Iowa 1995); *Miller v. Lauridsen Foods, Inc.*, 525 N.W.2d 417, 421 (Iowa 1994). Lay witness testimony is both relevant and material upon the cause and extent of injury. *Christensen*, 554 N.W.2d at 257; *Miller*, 525 N.W.2d at 421.

Assessing the weight of the testimony is within the agency's exclusive domain. *Robbennolt*, 555 N.W.2d at 234; *Burns v. Board of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993). Courts must not reassess the weight of the evidence on judicial review. *Id.*

The industrial commissioner on remand correctly outlined the proper considerations in assessing lay testimony. However, the commissioner then stated in the decision:

> There is no indication that any of the lay witnesses called by claimant *have any medical training.* Their opinions on claimant's overall fatigue and loss of energy are based on firsthand observation and are accepted as accurate. However, their conclusions as to claimant's actual loss of use of her right arm *are not supported by any medical evaluation methods or techniques.* The lay witnesses called by claimant *are not*

*trained in evaluating* loss of functional impairment, or in the use of the AMA Guides.

The commissioner is not required to accept lay testimony at face value. *Kiesecker v. Webster City Meats, Inc.*, 528 N.W.2d 109, 111 (Iowa 1995). However, assessing the lay testimony on the basis that it is not medical testimony defeats the purpose of requiring the commissioner to consider both medical and lay testimony. Given the importance of this consideration, *Christensen*, 554 N.W.2d at 258, *Terwilliger*, 529 N.W.2d at 273, we hold the commissioner cannot dismiss lay testimony solely for the reason it is not medical testimony.

The decision of the industrial commissioner and the district court is reversed and remanded for a proper consideration and weighing of the lay testimony.

## III. TONE OF APPELLANT'S BRIEF.

Our Supreme Court in *Terwilliger* stated its "concern with the tone with which Terwilliger has addressed the decision-making of the industrial commissioner and the courts of this State throughout this process."[1] *Terwilliger*, 529 N.W.2d at 274. The court stated:

> We understand the frustration of any counsel who feels that the client, despite herculean efforts by counsel, is not rewarded as hoped. However, counsel's pique does not justify an unbridled impugning of the integrity of the industrial commissioner's officers.

*Id.* at 275.

We are also troubled by the tone of Christensen's brief.[2] We admonish Christensen's counsel, as did our supreme court.

### REVERSED AND REMANDED.

---

**1.** Terwilliger's counsel and Christensen's counsel are one and the same.

**2.** Examples are found on pages 41 and 47 of appellant's brief.