**MUSCATINE COUNTY, Iowa, and Fremont Indemnity Company, Appellants,**

v.

**Marvin C. MORRISON, Appellee.**

No. 86–1010.

Supreme Court of Iowa.

July 22, 1987.

Lee H. Gaudineer & Jon K. Swanson of Austin & Gaudineer, Des Moines, for appellants.

James R. Keele of Keele & Keele, P.C., West Liberty, for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE and NEUMAN, JJ.

McGIVERIN, Justice.

This case presents an issue of first impression concerning the compensability of a hearing loss under the Occupational Hearing Loss Act, Iowa Code chapter 85B (1985). The specific issue we are asked to address is whether a hearing loss that results from prolonged exposure to noise while working is compensable under chapter 85B when the exposure is to noise below the times and intensities specified in Iowa Code section 85B.5. We conclude that such a loss may be compensable; thus, we affirm the rulings of the district court and the industrial commissioner.

I. *Background facts and proceedings.* Claimant Marvin Morrison operated a road maintainer over a period of eleven years for Muscatine County, Iowa. He generally operated the maintainer at a noise level exposure lower than ninety decibels for less than eight hours per day.

Following his retirement in 1983, Morrison noticed a loss of hearing and filed a petition for compensation with the industrial commissioner, Iowa Code sections 17A.12 and 86.14, on an alleged fifty percent hearing loss. *See* 343 Iowa Admin. Code 4.1(1). During discovery in the case, it became apparent that the claimed hearing loss was based upon exposure to noise levels less than the times and intensities set forth in section 85B.5. Muscatine County, Morrison's employer, and Fremont Indemnity Company, the county's workers' compensation insurer, filed a petition for declaratory ruling with the industrial commissioner. *See* Iowa Code § 17A.9. In that petition the employer and insurer sought a declaratory ruling on whether compensation could be awarded for alleged occupational hearing loss when the noise causing that hearing loss did not meet the time and intensity levels set forth in the table in section 85B.5.

The deputy industrial commissioner ruled that section 85B.5 does not preclude a claimant from showing that his hearing loss was caused by exposure to noise at work for a time and to a degree less than the levels specified in the table in section 85B.5. The employer and insurer appealed

to the industrial commissioner. Iowa Code § 86.24(1). The industrial commissioner adopted the ruling of the deputy. *Id.* § 86.24(2).

The employer and insurer then filed in district court their petition for judicial review of the industrial commissioner's decision, claiming the ruling was affected by an error of law. *See* Iowa Code §§ 17A.19, 86.26. The district court affirmed the industrial commissioner's ruling. The employer and insurer again appeal. *See id.* § 17A.20.

II. *Compensability of hearing loss.* "Occupational hearing loss" is defined by Iowa Code section 85B.4(1), in relevant part, as:

> a permanent sensorineural *loss of hearing* in one or both ears in excess of twenty-five decibels ..., *which arises out of and in the course of employment caused by prolonged exposure to excessive noise levels.*

(Emphasis added.) The chapter then explains: " 'Excessive noise level' means sound capable of producing occupational hearing loss." Iowa Code § 85B.4(2). Section 85B.5 provides in part:

> An excessive noise level is sound which exceeds the times and intensities listed in the following table:

| Duration per day hours | Sound level, dBA slow response | Duration per day minutes | Sound level, dBA slow response |
|---|---|---|---|
| 8 | 90 | 52 | 106 |
| 7 | 91 | 45 | 107 |
| 6 | 92 | 37 | 108 |
| 5 | 93 | 33 | 109 |
| 4 ½ | 94 | 30 | 110 |
| 4 | 95 | 26 | 111 |
| 3 ½ | 96 | 22 | 112 |
| 3 | 97 | 18 | 113 |
| 2 ½ | 98 | 16 | 114 |
| 2 ¼ | 99 | 15 | 115 |
| 2 | 100 | No exposure permitted | Greater than 115 |
| 1 ¾ | 101 | | |
| 1 ½ | 102 | | |
| 1 ¼ | 103 | | |
| 1 ⅛ | 104 | | |
| 1 | 105 | | |

Section 85B.5 goes on to state that when an employer becomes aware that an employee is being exposed to sound levels and durations in excess of those listed in the table the employer must notify the employee of the exposure.

Muscatine County and Fremont Indemnity Company dispute the industrial commissioner's interpretation of these provisions of chapter 85B. They assert that the adoption of section 85B.5 established for the employer minimum exposure levels necessary to establish an occupational hearing loss, and that the employer would have no liability for an employee's hearing loss if the employee's exposure to noise fell below these levels. Thus, the employer and insurer argue that Morrison's failure to allege exposure levels at or above the levels specified in section 85B.5 precludes him from recovery.

■ This case marks the first opportunity for us to interpret chapter 85B. When interpreting a statute, we seek the legislature's intent in enacting the provision. Iowa R.App.P. 14(f)(13). We believe the legislature enacted the Occupational Hearing Loss Act to make it easier for a claimant to prove the compensability of hearing loss attributable to prolonged exposure to noise at work.

The legislature adopted chapter 85B in 1980. Prior to its passage, an employee could recover for hearing loss attributable to prolonged exposure to noise at work only after overcoming nearly insurmountable procedural and substantive obstacles.[1] The legislature responded to medical awareness of the potential for hearing loss due to prolonged exposure to excessive noise by enacting chapter 85B, removing many obstacles to proving an occupational hearing loss. 1980 Iowa Acts ch. 1026 (codified at Iowa Code ch. 85B).

We consider the administrative construction of the statute as a guide to legislative intent. Iowa Code § 4.6(6). The industrial commissioner sought to give effect to both the definition of "excessive noise level" and the table on excessive noise levels. *See* Iowa Code §§ 4.4(2) ("[I]t is presumed that

... the entire statute is intended to be effective."), 85B.4(2), 85B.5 (1985). The commissioner stated: "The table in section 85B.5 lists times and durations which, if met, will be presumptively excessive noise levels requiring the employer to inform the employee of the existence of such levels. It is not a minimum exposure level necessary to establish excessive noise levels."

This interpretation recognizes that prolonged exposure at work to noise at levels below the section 85B.5 standards may still cause an occupational hearing loss. Section 85B.4(2) embodies that thought. The employer and insurer by their argument fail to give effect to the "excessive noise level" definition set out in section 85B.4(2).

Other states allow awards for occupational hearing loss under their occupational disease or workers' compensation statutes, often without stated time and intensity exposure levels. *See Miller v. Amalgamated Sugar Co.*, 105 Idaho 725, 672 P.2d 1055 (1983) (occupational disease statute); *Armco Steel Corp. v. Trafton*, 35 Md.App. 658, 371 A.2d 1128 (1977) (same); *Dotolo v. FMC Corp.*, 375 N.W.2d 25 (Minn.1985) (workers' compensation statute); *Scheier v. Garden State Forge Co.*, 136 N.J.Super. 555, 347 A.2d 362 (1975) (same); *McCuiston v. Addressograph-Multigraph Corp.*, 308 N.C. 665, 303 S.E.2d 795 (1983) (workers' compensation statute—conclusive presumption in statute that exposure to noise of less than ninety decibels is not harmful); *Hinkle v. H.J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975) (workers' compensation statute); *Myers v. State Workmen's Compensation Comm'r*, 160 W.Va. 766, 239 S.E.2d 124 (1977) (occupational disease statute). *See generally* 1B A. Larson, *The Law of Workmen's Compensation* §§ 41.-51–.53 (1986).

■ The Iowa legislature expressed its desire that occupational hearing losses be compensable by enacting a specific chap-

---

1. Loss of hearing is a scheduled injury under Iowa Code section 85.34(2)(r). Prior to the enactment of chapter 85B, a claimant of benefits for gradual hearing loss was required to prove the basis for the employee's scheduled injury. *See Barton v. Nevada Poultry Co.*, 253 Iowa 285, 289–90, 110 N.W.2d 660, 662–63 (1961). In order to prove a scheduled injury, the claimant was required to show that the noise which

caused his hearing loss arose out of and in the course of the claimant's employment for the respondent employer. This showing included proof that it was the cumulative effect of repeated exposure to noise at work that caused the injury. Then the claimant was required to prove the extent of functional disability caused by the injury. *Simbro v. Delong's Sportswear*, 332 N.W.2d 886, 887 (Iowa 1983).

ter dealing with such losses. Chapter 85B is unique among workers' compensation laws. By adopting time and intensity exposure standards, the legislature did not seek to rule out hearing losses that do not rise to those levels; rather, the legislature sought to simplify prior problems of proof by recognizing presumptive exposure levels for gradual noise-induced hearing loss. When the tables are not implicated, the claimant must prove the loss of hearing was due to exposure at work to sound capable of producing that loss. Duration and intensity of exposure will be helpful to prove the necessary link between noise at work and the hearing loss. Other causes of the hearing loss may be explored by the employer or its insurer in defense of the claim.[2]

III. *Disposition.* In summary, we conclude noise levels less than those set forth in the table in section 85B.5 may produce a compensable occupational hearing loss; therefore, we affirm the rulings of the district court and the industrial commissioner.

AFFIRMED.

---

2. Chapter 85B put in place a method by which an employer can limit its liability for gradual hearing loss by establishing previous impairment by a pre-employment audiometric examination. Iowa Code § 85B.11. This section differs from the occupational disease statute that provides the last employer is liable for all compensation payable for an occupational disease. Iowa Code § 85A.10.