Larry SCHEUERMANN, Petitioner–
Appellant,

v.

OSCAR MAYER FOODS CORPORA-
TION, Respondent–Appellee.

No. 93–0860.

Court of Appeals of Iowa.

Feb. 25, 1994.

Steven C. Jayne, Des Moines, for appel-
lant.

Harry W. Dahl, Sr., Des Moines, for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The trial court affirmed an Industrial Commissioner's decision denying benefits for a hearing loss to petitioner-appellant Larry Scheuermann, a long-time employee of respondent-appellee Oscar Mayer Foods Corporation. Scheuermann appeals contending (1) the Commissioner erred in the proof required to establish a hearing loss and (2) the Commissioner's decision finding there was not a causal connection between Scheuermann's hearing loss and his employment was not supported by substantial evidence. We affirm.

On February 4, 1991, Scheuermann filed a petition for arbitration claiming he was injured on February 3, 1989, at the Oscar Mayer Foods plant by exposure to high levels of noise. He alleged the dispute in the case was the extent and nature of his hearing loss. His claim was denied by a deputy, the Commissioner and the district court. This appeal follows.

■ Scheuermann first contends the agency and the district court improperly applied the law in the degree of proof they required of him to establish his claim.

It is ultimately the duty of the court to determine matters of law including the interpretation of a statute. *Cosper v. Iowa Dep't of Job Serv.*, 321 N.W.2d 6, 10 (Iowa 1982).

Scheuermann is a fifty-year-old man who suffers a hearing loss. Scheuermann worked at Oscar Mayer from September 1964 through December 1987. He spent most of his career on the cut floor but did also work on the kill floor. Scheuermann was off work from October 1985 through February 1986, for carpel tunnel surgery. His last day of work was December 30, 1987, when he took leave to have heart surgery. Scheuermann next had hand surgery in the spring or summer of 1988. The plant closed on February 3, 1989. Scheuermann had not returned to work at that time, although he testified it had been his intent to do so.

Scheuermann claimed over a period of time he noticed a decline in his ability to hear. He said he took a series of hearing tests, starting in 1976, and the tests showed his hearing was declining. Scheuermann said he wore a protective hearing device in the last three years he worked on the floor. He said on the floor there was noise exposure. Scheuermann talked about high-pitched electric motors, metal gambrels being dropped in metal tubs and the need to speak in a loud voice to be heard. Scheuermann did not, however, introduce any evidence of the extent of the alleged noise exposure.

He did introduce into evidence two plant memos. One circulated in 1981, said employees who may be exposed to 85 decibels or greater will be tested on an annual basis. The second memo dated June 23, 1982, stated employees working in areas where the noise was greater than 90 decibels were required to wear hearing protection.

In 1980, the Iowa Legislature adopted chapter 85B in response to medical awareness of the potential for hearing loss due to prolonged exposure to excessive noise and removing many obstacles to proving an occupational hearing loss. *See Muscatine County v. Morrison*, 409 N.W.2d 685, 687 (Iowa 1987). The legislature sought to simplify prior problems of proof by recognizing presumptive exposure levels for gradual noise-induced hearing loss. *Id.* at 688.

Iowa Code section 85B.4, Definitions, provides:

1. "Occupational hearing loss" means a permanent sensorineural loss of hearing in one or both ears in excess of twenty-five decibels if measured from international standards organization or American national standards institute zero reference level, which arises out of and in the course of employment caused by prolonged exposure to excessive noise levels.

In the evaluation of occupational hearing loss, only the hearing levels at the frequencies of five hundred, one thousand, two

thousand, and three thousand Hertz shall be considered.

2. "Excessive noise level" means sound capable of producing occupational hearing loss.

*Id.*

Excessive noise level is further defined by section 85B.5 which provides a table setting forth duration per day hours and per day minutes and the sound level for such period that is an excessive noise level as referred to in the statute.

Scheuermann has demonstrated he has a permanent sensorineural loss of hearing in one or both of his ears in excess of 25 decibels. Therefore, he has met part of the definition of an "occupational hearing loss" as defined by section 85B.4.

■ However, the next question is whether Scheuermann has shown his loss arises out of and in the course of employment caused by prolonged exposure to excessive noise. *See* Iowa Code § 85B.4(1). A claimant who cannot establish his or her noise exposure was above the presumptive level indicated in section 85B.5 may only recover if he or she can provide proof the loss of hearing was due to sound at work capable of producing that loss. *Muscatine County,* 409 N.W.2d at 688.

Scheuermann argues under section 85B he has established all he need establish to show an excessive noise level and establish he has an "occupational hearing loss." Scheuermann seeks to use the noise level tables in section 85B.5 to establish he was exposed to excessive noise.

Scheuermann's claim is the Commissioner improperly considered the law when he found there was no evidence Scheuermann had been exposed to noise that exceeded the permissible exposure level. Scheuermann said the Commissioner should have inferred, because Oscar Mayer required hearing protection in its high noise areas and because Scheuermann had to wear hearing protection, he was exposed to noise levels of 90 decibels or greater thereby apparently proving an excessive noise level as defined by Iowa Code section 85B.5 was established.

■ The enactment of the statute does not relieve the claimant of proving the hours of day of exposure and the sound level set forth under section 85B.5. The question, therefore, becomes whether the evidence Scheuermann produced proved he was exposed to a sound level for a period defined as excessive noise under section 85B.5.

The record is void of evidence of the noise level where Scheuermann worked. Even if the noise were a 90 decibel noise level as Scheuermann claims, then he would have to show an exposure of eight hours a day to show an excessive noise level as defined under section 85B.5.

The mere fact that Scheuermann was required to wear hearing protection is not sufficient to establish excessive noise level. We disagree with Scheuermann on this issue.

■ Scheuermann's next contention is the Commissioner's findings of fact as to the noise level of Scheuermann's exposure are not supported by substantial evidence.

■ This appeal results from a contested case state agency proceeding. *See* Iowa Code § 17A.2(2) (1991). In "contested case" proceedings, the agency, rather than the district court, is empowered to hear evidence and make findings of fact. Iowa Code § 17A.19(7) (1991); *Kohorst v. Iowa State Commerce Comm'n,* 348 N.W.2d 619, 621 (Iowa 1984). We are bound by the agency's fact findings if those findings are supported by substantial evidence. Iowa Code § 17A.19(8)(f) (1991). Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n,* 322 N.W.2d 87, 91 (Iowa 1982).

Scheuermann introduced evidence from a clinical audiologist who testified Scheuermann's hearing loss was caused by excessive noise exposure. She had no information about the decibel levels Scheuermann was exposed to or the time of noise exposure Scheuermann had while working for Oscar Mayer. There was evidence this expert mistook a calibration for an actual hearing test of Scheuermann and relied on it in rendering her opinion.

Another expert testified he could not establish the cause of the hearing loss and the area where Scheuermann worked was not classified as a potentially hazardous area in terms of noise. He also found Scheuermann's greatest loss was sustained during the period he wore mandatory hearing protection. There was also substantial deterioration during the period Scheuermann was not working.

To uphold the agency its decision must be supported by substantial evidence. *Fernandez v. Iowa Dep't of Human Servs.*, 375 N.W.2d 701, 705 (Iowa 1985). The question is whether the evidence is uncontroverted the actual noise level to which Scheuermann was exposed was above the permissible exposure limit. We find it was not, and we affirm.

**AFFIRMED.**