835 A.2d 1241 (2003)
364 N.J. Super. 323
Antonio POLIZZI, Plaintiff-Appellant,
v.
NEW JERSEY TRANSIT RAIL OPERATIONS, INC., Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 8, 2003.
Decided November 18, 2003.
*1242 Richard S. Mazawey, Clifton, for appellant (Ronald S. Suss, Newark, of counsel and on the brief).
Ruprecht, Hart & Weeks, Millburn, for respondent (James H. Savage, of counsel and on the brief).
Before Judges CIANCIA, ALLEY and PARKER.
The opinion of the court was delivered by PARKER, J.A.D.
Plaintiff appeals from an order granting summary judgment dismissing his complaint filed on May 8, 2000, because it was time barred under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. §§ 51 to 60. We affirm in part and reverse in part.
Plaintiff has been a New Jersey Transit (NJT) employee since 1987. During a routine physical conducted by defendant in 1995, it was noted that plaintiff had a "hearing impairment," and he was advised to see a private physician. Thereafter, plaintiff claims that he went to a doctor in New York, who told him that his hearing was "slightly damaged but [there was] nothing to be concerned with at this time." Plaintiff cannot identify the physician or obtain any records to support his claim regarding that examination, however. Nevertheless, he retained an attorney who wrote to NJT on October 11, 1995, advising that plaintiff had a "severe and permanent" hearing loss caused by noise *1243 exposure at work and demanding an offer of settlement. The letter, addressed to Thomas Gallagher, Assistant Director of Occupational FELA Claims at NJT, stated in its entirety:
As per our telephone conversation and continuing settlement negotiations with reference to the above-captioned matter, enclosed please find my client's medical and special damage package with an eye toward settlement in this cause. The key facts of the claimant's employment are listed above, 1987-present and continuing NJT.
There is no trial date non-litigation claim for settlement review at this time.
Enclosed please find a diagnostics report from Dr. Neal Sloane and the Medical Department of NJT setting for the severe and permanent nature of my client's hearing loss claim. Said hearing claim is a direct and causal result of his employment with NJT.
For your file I have enclosed a completed Hearing Loss Questionnaire.
Based on the enclosures set forth herein please contact the undersigned immediately upon receipt of this communication to commence good faith settlement negotiations in an effort to reach a fair and amicable adjustment of this matter without resorting to a long and protracted litigation. I await your call forthwith.
The undersigned respectfully requests a tolling agreement on any of Statute of Limitations given the client's continuous exposure to both lung/pulmonary and hearing loss occupational hazards and due to the continuing nature of his employment.[1]
Kindly give this matter your immediate attention.
In May 1998, plaintiff was examined by Dr. Arthur J. Matthews, who determined that plaintiff suffered from a "bilateral neurosensory" hearing loss related to his employment. Although the examination occurred in May 1998, the doctor's report was not rendered until March 2000. Plaintiff was tested by Dr. Gerald West in March 2002, and West confirmed Matthews' diagnosis that plaintiff's hearing loss was caused by continued exposure to loud noises that "aggravated his pre-existing hearing problems [and] resulted in increased loss of hearing."
Defendant's expert, Dr. Joseph Sataloff, rendered reports dated January 11, 2002 and February 27, 2002, in which he indicated that plaintiff had normal hearing in his right ear and almost normal in the left.
The motion judge dismissed the complaint because the evidence clearly indicated that plaintiff had notice of the hearing loss as early as 1995 and was represented by an attorney who filed a notice of claim in October 1995, but did not pursue the matter by timely filing of a complaint. Plaintiff appealed and the principal issues before us are (1) whether plaintiff's claim is time barred; and (2) whether he can maintain a claim for aggravation of the hearing loss, which may have occurred during the three-year limitation period before he filed his FELA complaint.
FELA claims are subject to a three-year statute of limitations. 45 U.S.C.A. § 56. The claim accrues when "the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need[s] to investigate to determine whether he is entitled to redress." Kichline v. Consolidated Rail Corp., 800 F.2d 356, 359 (3d Cir. *1244 1986) (quoting Zeleznik v. U.S., 770 F.2d 20, 23 (3d Cir.1985), cert. denied, 475 U.S. 1108, 106 S.Ct. 1513, 89 L.Ed.2d 913 (1986)).
Plaintiff contends that the 1995 letter sent by his attorney to defendant does not indicate a sufficient basis for a cause of action because he did not have an adequate medical diagnosis to substantiate his claim at the time. Rather, he maintains that the claim accrued with Matthews' diagnosis in 1998, rendering his filing of the complaint in 2000 timely.
In support of his argument, plaintiff relies on Berlen v. Consolidated Rail Corp., 291 N.J.Super. 542, 545, 677 A.2d 1150, 1151-52 (App.Div.1996), and asserts that "in FELA cases, federal courts submit factual disputes concerning the limitations defenses to a jury."
Plaintiff in Berlen had his hearing checked by defendant's medical staff four times between March 1986 and December 1989. Id. at 545-47, 677 A.2d at 1151-53. In each instance, he was advised that his hearing was satisfactory. When plaintiff filed his complaint on September 27, 1991, defendant moved for summary judgment on statute of limitations grounds. Id. at 546, 677 A.2d at 1152. The trial judge granted summary judgment in favor of defendant and plaintiff appealed. Id. at 547, 677 A.2d at 1152-53. We reversed and remanded on the ground that "a reasonable fact-finder could conclude plaintiff was justified in assuming that the condition identified in January 1988 had been resolved and that he had no basis for a FELA claim." Id. at 554, 677 A.2d at 1156. Although we found that there were genuine issues of material fact to be resolved in the trial court, we did not decide the question of whether the judge or jury should determine the factual disputes relating to the statute of limitations. Rather, we stated:
Neither this jurisdiction nor the federal courts have decided whether a state is required to adhere to the federal procedure of submitting factual issues to a jury concerning the FELA limitations provision in light of a state's local rule's requirement that a judge make that determination. Because the parties have not addressed the question either before the trial judge or on appeal, we do not resolve the issue in order that the parties may have the opportunity to address the issue as they see fit.... Accordingly, we leave to the parties and the court on remand the issue of whether a trial by jury is required to determine the availability of a FELA limitations defense.
[Berlen, supra, 291 N.J.Super. at 556, 677 A.2d at 1157.]
Under New Jersey law, the discovery rule provides that "in an appropriate case, a cause of action will not accrue until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action." O'Keeffe v. Snyder, 83 N.J. 478, 491, 416 A.2d 862, 869 (1980). Where the facts relating to the "exercise of reasonable diligence and intelligence" are in dispute, the judge will determine the issue after an evidentiary hearing. Lopez v. Swyer, 62 N.J. 267, 275, 300 A.2d 563, 566 (1973). In the federal courts, however, factual disputes relating to the statute of limitations are submitted to a jury. Kichline, supra, 800 F.2d at 358; RTC Mortg. Trust 1994 N-1 v. Fidelity Nat. Title Ins. Co., 58 F.Supp.2d 503, 544-46 (D.N.J.1999).
Here, the material facts relating to the discovery of plaintiff's hearing loss are not in dispute. With respect to plaintiff's contention that he did not have a sufficiently firm diagnosis in 1995 when his attorney wrote to NJT advising that plaintiff *1245 had "severe and permanent" hearing loss and demanding an offer of settlement, we note that a party need not have a conclusive medical diagnosis to file a complaint. U.S. v. Kubrick, 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).
We need not determine whether the issue should be decided by state or federal procedure because the undisputed evidence, when viewed in a light most favorable to plaintiff, would not dispose a rational fact finder to resolve the issue in plaintiff's favor. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146, 156 (1995). The October 11, 1995 letter sets out plaintiff's allegations of a work-related hearing loss, encloses NJT's diagnostic report and a Hearing Loss Questionnaire, all of which lead to the conclusion that plaintiff had "sufficient critical facts" to pursue his claim at that time. Kichline, supra, 800 F.2d at 359. We affirm the trial judge's grant of summary judgment under the statute of limitations.
Having determined that the three-year statute of limitations bars the claim beyond a reasonable factual dispute, we next consider whether plaintiff is entitled to pursue a claim for aggravation of his hearing loss within the three-year limitation period. We are persuaded that he is.
In Kichline, plaintiff was employed by the railroad from October 1946 to November 1982. In 1978, he was diagnosed with chronic obstructive pulmonary disease caused by thirty-five years of smoking cigarettes and aggravated by exposure to diesel fumes in the work place. 800 F.2d at 357. Nevertheless, plaintiff continued to work and did not advise his employer of his illness, nor did he request reassignment to a different position. Id. at 358. When he filed his FELA complaint after he retired in 1982, it was dismissed as time barred. Id. at 358-59. On appeal, the Third Circuit affirmed the district court's ruling that plaintiff's primary claim was time barred, but remanded the matter for further proceedings on a separate cause of action for aggravation of the injury which occurred within the three years preceding the filing of the complaint. Id. at 357. "If plaintiff can establish the railroad's negligence... he would be entitled to claim damages for the `aggravation' of his physical condition that occurred [in a period beginning three years prior to the commencement of the lawsuit ...]." Courtney v. Union Pac. R.R. Company, 713 F.Supp. 305, 310-11 (E.D.Ark.1989) (citing Kichline, supra, 800 F.2d at 361). Any aggravation that occurred more than three years before the complaint was filed is time barred, however. Kichline, supra, 800 F.2d at 361.
The Kichline aggravation rule has been criticized by some federal courts. See Mounts v. Grand Trunk W.R. R., 198 F.3d 578, 583 (6th Cir.2000) (the aggravation rule circumvents the discovery rule and "might create unfortunate incentives for employers not to `find out' about employee illnesses through regular testing"); Aparicio v. Norfolk & W. Ry. Co., 84 F.3d 803, 815 (6th Cir.1996) (a claim for aggravation of an original injury caused by an employer's negligence is "not severable under [FELA]"); Fries v. Chicogo & Northwestern Transp. Co., 909 F.2d 1092, 1096 (7th Cir.), reh. denied (1990) (the aggravation rule articulated in Kichline would "contravene the purpose of the discovery rule"); Frasure v. Union Pac. R.R. Co., 782 F.Supp. 477, 480-81 (C.D.Cal.1991). ("This court declines to follow the reasoning of the Third Circuit in Kichline.")
Other federal courts have adopted an "accumulation" rule whereby "a plaintiff may maintain a claim for [a cumulative injury under FELA] if he proffers evidence suggesting that his initial symptoms were temporary in nature, and based upon *1246 their accumulation, became permanent injuries only during the three-year period preceding his suit." Mix v. Delaware and Hudson R.W. Co., Inc., 345 F.3d 82, 91 (2nd Cir.2003); and see U.S. v. Kubrick, 444 U.S. 111, 122-25, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); Urie v. Thompson, 337 U.S. 163, 170, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).
Although we give deference to decisions of the federal circuit courts of appeals, we are not bound by them, even when we are interpreting and applying federal law. Dewey v. R.J. Reynolds Tobacco Co., 121 N.J. 69, 79-80, 577 A.2d 1239, 1244-45 (1990); Bell Atlantic v. P.M. Video Corp., 322 N.J.Super. 74, 99, 730 A.2d 406, 419-20 (App.Div.), certif. denied sub nom, P.M. Video Corp. v. Bell Atlantic, 162 N.J. 130, 741 A.2d 98 (1999). Moreover, our research has not disclosed any Third Circuit case that rejects the Kichline aggravation rule.
We disagree with the federal courts that have rejected the "aggravation rule" and we find the "accumulation rule" too limited. We routinely apply the "aggravation rule" in claims under our Workers' Compensation Act, N.J.S.A. 34:15-1 to -142, which is analogous to, but not synonymous with FELA.[2] The aggravation rule may be applied where the aggravated condition originated outside of employment, during previous employment or during an earlier period of employment with the same employer against whom the claim is pending. See, e.g., Verge v. County of Morris, 272 N.J.Super. 118, 126, 639 A.2d 378, 382 (App.Div.1994) ("[T]he employee is not disqualified under the requirement that the injury arise out of the employment where the pre-existing condition is aggravated, accelerated or combined with the pre-existing disease or infirmity to produce the disability for which compensation is sought."); Scheier v. Garden State Forge Co., 136 N.J.Super. 555, 559-60, 347 A.2d 362, 364 (App.Div.1975) (a pre-existing hearing loss that is aggravated by continued exposure to loud noises on the job is a compensable loss for which the employer is responsible); Bucuk v. Edward A. Zusi Brass Foundry, 49 N.J.Super. 187, 208, 139 A.2d 436, 448 (App.Div.), certif. denied, 27 N.J. 398, 143 A.2d 9 (1958) (it is "the settled rule that where an employment-injury activates or aggravates a pre-existing disease or weakened condition unrelated to employment causing disability, compensation is payable to the full degree of the disability or injury"); Giambattista v. Thomas A. Edison, Inc., 32 N.J.Super. 103, 115, 107 A.2d 801, 807 (App.Div.1954) ("[T]he mere aggravation of a non-occupational disease by non-accidental employment exposure or cause, not in itself amounting to a disease, is sufficient to ground an award of compensation under the occupational disease sections.").
In adopting the Kichline aggravation rule, we affirm the trial court's grant of summary judgment to the extent the primary complaint was dismissed as time barred, but we reverse the dismissal with prejudice and remand to permit plaintiff to amend his complaint to allege aggravation *1247 of his alleged hearing loss from a period commencing three years prior to his filing the complaint. Plaintiff shall file his amended complaint within thirty days of the filing of this opinion.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Counsel's attempt to toll the statute of limitations in the October 11, 1995, letter did "not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Kichline v. Consolidated Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986).
[2] Although FELA is not a workers' compensation statute, Stevens v. New Jersey Transit, 356 N.J.Super. 311, 318, 812 A.2d 416, 420-21 (App.Div.2003), it is the exclusive remedy available to injured railroad employees by virtue of the 1939 amendment to FELA. Gussie v. Penn. R.R. Co., 1 N.J.Super. 293, 295, 64 A.2d 244, 245 (App.Div.), cert. denied, 338 U.S. 869, 70 S.Ct. 145, 94 L.Ed. 533 (1949). The principal difference between FELA and our Workers' Compensation Act is that FELA "does not make the employer `the insurer of the safety of his employees while they are on duty.' Under the FELA, `[t]he basis of [the employer's] liability is his negligence, not the fact that injuries occur.'" Stevens, supra, 356 N.J.Super. at 318, 812 A.2d at 420 (quoting Ellis v. Union Pac. R.R. Co., 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572, 574 (1947)).