**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2174-24

SMS FINANCIAL JDC, LP,
SUCCESSOR IN INTEREST TO
GUARANTY BANK, FSB
FORMERLY KNOWN AS GB
HOME EQUITY, LLC,

     Plaintiff-Respondent,

v.

CHARLES SORG,

     Defendant-Appellant.

_____

          Submitted December 10, 2025 – Decided March 3, 2026

          Before Judges Paganelli and Vanek.

          On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1238-24.

          Christopher J. Stanchina, LLC, attorneys for appellant (Christopher J. Stanchina, on the brief).

          Eisenberg, Gold & Agrawal, PC, attorneys for respondent (Douglas J. Ferguson, on the brief).

PER CURIAM

Defendant Charles Sorg appeals from a February 10, 2025 order granting a motion for summary judgment filed by plaintiff SMS Financial JDC, LP, Successor in Interest to Guaranty Bank, FSB formerly known as GB Home Equity, LLC's (SMS Financial JDC) and denying his cross-motion for summary judgment. We vacate the grant of summary judgment to SMS Financial JDC, affirm the denial of Sorg's cross-motion for summary judgment, and remand for further proceedings consistent with this opinion.

We glean the facts from the record. In December 2004, Sorg executed a Credit Agreement and Disclosure (Note). The Note "govern[ed Sorg's] line of credit . . . issued through GB Home Equity." The Note "cover[ed] a revolving line of credit for the principal amount of Seventy Thousand . . . Dollars ($70,000[])." Sorg promised "to pay . . . the total of all credit advances" and other charges, costs, and expenses under the Note and the mortgage that secured the Note. The Note required Sorg to make one-hundred-and-twenty monthly "'[r]egular [p]ayment[s]' . . . equal [to] the amount of [his] accrued finance charges or $100[], whichever [wa]s greater." (Boldface omitted) (capitalization modified). The term of the Note was to "continue until December 22, 2024" and be "payable in full upon maturity in a single balloon payment."

A-2174-24

The Note allowed GB Home Equity to "terminate [Sorg's] Credit Line Account and require [him] to pay . . . the entire outstanding balance in one payment, and charge [him] certain fees, if . . . [Sorg] d[id] not meet the repayment terms."

In January 2005, the Federal National Mortgage Association (FNMA) recorded a mortgage on Sorg's property. The FNMA mortgage was in a priority position to the GB Home Equity mortgage filed as a result of the Note. In 2014, FNMA filed a foreclosure complaint concerning the 2005 mortgage and named GB Home Equity as a defendant. A final judgment was entered in 2016, and the property was sold at a Sheriff's sale.

On May 5, 2017, Guaranty Bank failed and closed for business. As a result, the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver for Guaranty Bank to liquidate the failed bank's assets. On May 25, 2017, SMS Financial JDC accepted from the FDIC "all of [its] right, title, and interest" to Sorg's account in the amount of $67,067.96. Further, SMS Financial JDC executed an allonge, as appointee of the FDIC. The allonge provided that it was "to be attached to and made a part of" the Note and provided for Sorg's payment to be made "to the order of SMS Financial JDC."

A-2174-24

On June 7, 2024, SMS Financial JDC's counsel mailed a letter to Sorg. According to the letter, counsel was retained for "the purposes of recovering . . . the outstanding amount due and owing [of] $108,201.95, all of which currently remain[ed] unpaid."

On June 12, 2024, SMS Financial JDC filed a complaint against Sorg. As relevant to this appeal, SMS Financial JDC alleged breach of contract. Sorg filed an answer with affirmative defenses, including that the claims were stale and barred by the statute of limitations. He also filed a counterclaim. SMS Financial JDC filed an answer to the counterclaim.

After the close of discovery, SMS Financial JDC moved for summary judgment and Sorg cross-moved for summary judgment. In part, to support its motion, SMS Financial JDC relied on the deposition testimony of Daniel S. Shorr. Shorr testified that he was a partner and manager of SMS Financial, LLC. He stated SMS Financial, LLC managed SMS Financial JDC. As to acceleration of the debt, he testified that the "[s]tandard [o]perating [p]rocedure is to comb through all the files; all correspondence and all documents" and "[t]here was no letter sent regarding the default and acceleration to Sorg." Further, Shorr testified if a "default and acceleration" letter "exist[ed]" then "[i]t would be in the file." He stated neither Guaranty Bank nor GB Home Equity accelerated the

A-2174-24

Note and SMS Financial JDC "defaulted and accelerated [the Note] on June 30th, 2022."

In support of his motion and addressing acceleration, Sorg certified:

> 20. [I]n 2014, after I was in default under the Note, GB Home Equity, in addition to declaring me in default, accelerated the entire indebtedness.
>
> 21. In 2014[,] and upon being a defendant in the foreclosure case, GB Home Equity sent numerous default notices to me, and it accelerated, wanting all sums owed to it.
>
> 22. I did not retain the various notices sent by GB Home Equity.
>
> . . . .
>
> I certify that the foregoing statements made by me are true. I am aware that if any of the statements willfully are false, I am subject to punishment.

After hearing the parties' arguments, the trial court issued a twenty-three-page written decision. As to SMS Financial JDC's claim for breach of contract, the trial court found that it "presented adequate credible evidence to support it had standing to enforce the Note." Further, the court found "the evidence [wa]s so one-side[d] that [SMS Financial JDC] must prevail as matter of law."

The trial court stated:

> There is no dispute GB [Home Equity] loaned [Sorg] $70,000 in December 2004. Later, [Sorg] defaulted on

the [Note]. Through the FDIC, the [c]ourt finds that [SMS Financial JDC] is the assignee owner and holder of the Note for the original principal sum value of seventy thousand ($70,000) as also evidenced by the Allonge making the Note payable to [SMS Financial JDC]. Accordingly, this [c]ourt finds [SMS Financial JDC] has standing to enforce the outstanding debt/Note as the assignee and holder of the Note.

Further, the trial court recited the relevant case law regarding breach of contract and determined SMS Financial JDC established its claim because it had the Note and established default.

The trial court considered Sorg's argument that SMS Financial JDC filed the complaint after the expiration of the statute of limitations contained at under N.J.S.A. 12A:3-118(a). The court reviewed Sorg's contention that GB Home Equity had accelerated the amount due in 2014 and therefore SMS Financial JDC's filing more than six years later was barred as untimely.

However, the court rejected the defense because it did not find Sorg's "self-serving contentions regarding the acceleration by GB [Home Equity] to be credible or sufficient to defeat [SMS Financial JDC]'s summary judgment motion." The court stated "there [wa]s no credible evidence that supports [Sorg]'s assertion, at all." The court noted it was "undisputed that [Sorg] failed

to meet the terms of the Note and [is] indebted to [SMS Financial JDC] for the outstanding balance."

Further the trial court found "there [wa]s credible evidence in th[e] record supplied by [SMS Financial JDC] to demonstrate [it] accelerated the indebtedness . . . by correspondence dated June 30, 2022."

On appeal, Sorg contends the trial court should have denied SMS Financial JDC's summary judgment motion and granted his cross-motion for summary judgment based on SMS Financial JDC's failure to file the complaint before the expiration of the statute of limitations. He argues the court impermissibly assessed his credibility when considering his "undisputed representations about the acceleration in 2014." Sorg asserts "the [c]ourt completely ignored [his] certified representations, essentially finding his statements as having absolutely no credibility at all, even though SMS [Financial JDC] was unable to certify that the debt was not accelerated upon Sorg defaulting, in the face of a foreclosure action, in 2014."

Sorg contends SMS Financial JDC had the burden of proof to establish there was no acceleration in 2014. Sorg argues it is "common sense" that acceleration "is typical when a debtor defaults in the face of a foreclosure." Further, he contends SMS Financial JDC "could have presented a certification

7

from a witness . . . with first-hand knowledge that the [Note] was not accelerated in 2014" or SMS Financial JDC "could have produced documents . . . confirming the absence of a 2014 acceleration."  Sorg asserts SMS Financial JDC produced no "proofs in support of its claims."

Sorg argues the record is "one-sided" in his favor because he is "the only witness with first-hand knowledge about the material topic of . . . accelerati[on] in 2014."  Therefore, the trial court should have considered "Sorg's undisputed first-hand knowledge and the common sense of how lenders often accelerate upon a debtor defaulting (just prior to filing of a foreclosure action by a first-position mortgagee)," and denied SMS Financial JDC's motion for summary judgment and granted his cross-motion for summary judgment to dismiss SMS Financial JDC's complaint.

Appellate courts review an order granting "summary judgment de novo, applying the same standard used by the trial court."  Samolyk v. Berthe, 251 N.J. 73, 78 (2022).  A court must grant summary judgment when "reviewing 'the competent evidential materials submitted by the parties,'" viewed in the light most favorable to the non-moving party, "'there are [no] genuine issues of material fact'" and "'the moving party is entitled to summary judgment as a matter of law.'"  Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting

A-2174-24

Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)); R. 4:46-2(c).  A reviewing court owes no special deference to the "trial court's interpretation of the law and the legal consequences that flow from established facts."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"[T]he evaluation of every motion for summary judgment requires the court, trial or appellate, to review the motion record against not only the elements of the cause of action but also the evidential standard governing that cause of action."  Bhagat, 217 N.J. at 40.

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'"  Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).  "Accordingly, the . . . court must 'consider whether the competent evidential materials presented . . . are sufficient to permit a rational factfinder to resolve the alleged dispute[] . . . .'"  Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

9

"Where issues of credibility are presented, summary judgment is generally inappropriate." Singer v. Beach Trading Co., 379 N.J. Super. 63, 73 (App. Div. 2005) (citing Brill, 142 N.J. at 540). No genuine issue of material fact exists where the record "is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

"Where . . . a [p]rima facie right to a summary judgment exists . . . the party opposing the motion for summary judgment [must] demonstrate by competent evidential material that a genuine issue of fact exists . . . ." Robbins v. Jersey City, 23 N.J. 229, 241 (1957). "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[ ] to any fact in dispute' in order to defeat summary judgment." Globe Motor Co., 225 N.J. at 479 (alterations in original) (emphasis omitted) (quoting Brill, 142 N.J. at 529). "Under that standard, once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'" Id. at 479-80 (alteration in original) (quoting Robbins, 23 N.J. at 241). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion" for summary judgment. Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

A-2174-24

"Bald assertions are not capable of either supporting or defeating summary judgment." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97-98 (App. Div. 2014).

"Rule 4:46-5(a) provides that in opposing summary judgment, an adverse party may not rest upon the mere allegations or denials . . . , but must respond by affidavits meeting the requirements of Rule 1:6-6 or as otherwise provided in . . . Rule 4:46-2(b), setting forth specific facts showing that there is a genuine issue for trial." Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 538 (App. Div. 2009) (internal quotation marks omitted). "This means that summary judgment cannot be defeated if the non-moving party does not 'offer [] any concrete evidence from which a reasonable juror could return a verdict in his favor[.]'" Housel v. Theodoridis, 314 N.J. Super. 597, 604 (App. Div. 1998) (alterations in original) (quoting Liberty Lobby, 477 U.S. at 256). Thus, "[t]he nonmovant has the 'burden of producing . . . evidence that would support a jury verdict[,]' and must 'set forth specific facts showing that there is a genuine issue for trial.'" Ibid. (second alteration in original) (quoting Liberty Lobby, 477 U.S. at 256). A "nonmovant cannot sit on his or her hands and still prevail." Ibid.

"Where there is no material fact in dispute . . . '[an appellate court] must then decide whether the trial court correctly interpreted the law.'" N.J. Realtors v. Twp. of Berkeley, 479 N.J. Super. 379, 391 (App. Div. 2024) (internal quotations marks omitted) (quoting DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)).

Under Rule 4:5-4, the "statute of limitations" is an "affirmative defense." "Whether a cause of action is barred by a statute of limitations is a question of law, . . . review[ed] de novo." Catena v. Raytheon Co, 447 N.J. Super. 43, 52 (App. Div. 2016). "Ordinarily, the party relying on the defense of the statute of limitations has the burden" of establishing it. Citibank, N.A. v. Estate of Simpson, 290 N.J. Super. 519, 533 (App. Div. 1996). The defendant bears the burden to establish the defense by a preponderance of the evidence. See Italian Fisherman, Inc. v. Com. Union Assurance Co., 215 N.J. Super. 278, 282 (App. Div. 1987) ("In this State, the preponderance of the evidence standard is the customary burden of proof in civil cases and is thus the appropriate standard by which affirmative defenses must be proven.").

N.J.S.A. 12A:3-118(a) states the applicable statute of limitations. In relevant part, the statute provides:

> [A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced

within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

[N.J.S.A. 12A:3-118(a).]

In opposing SMS Financial JDC's motion for summary judgment and in support of his cross-motion for summary judgment, Sorg contends the due date was accelerated in 2014. Specifically, Sorg argues that the statute of limitations period started in 2014 and expired in 2020, thus barring SMS Financial JDC's complaint filed in June 2024. Sorg rests his 2014 acceleration argument on: (1) "common sense"; (2) acceleration being "typical when a debtor defaults in the face of a foreclosure"; (3) SMS Financial JDC's failure to produce "a certification from a witness" or "documents . . . confirming the absence of a 2014 acceleration"; and (4) his certification that SMS Financial JDC's predecessor had accelerated the due date and sent him numerous notices regarding acceleration in 2014.

Sorg's first three arguments are unavailing. Common sense or an assertion as to what may typically happen when a foreclosure complaint is filed are quintessential bald assertions. See Ridge at Back Brook, 437 N.J. Super. 90 at 97-98.

Further, the argument that SMS Financial JDC was required to produce evidence to establish there was no acceleration impermissibly shifts the burden regarding the affirmative defense—statute of limitations—to SMS Financial JDC.

However, Sorg's fourth argument is persuasive. In his certification, Sorg states that in 2014, GB Home Equity "accelerated the entire indebtedness" and "GB Home Equity sent numerous default notices to [him], and it accelerated, wanting all sums owed to it." Sorg certified these statements were true and he did so "aware that if any of the statements [we]re wil[l]fully false, [he was] subject to punishment." Sorg's certification comports with Rule 1:4-4(b).[1] Therefore, Sorg proffers competent evidence that SMS Financial JDC's predecessor accelerated the due date in 2014, and giving the certification every

---

[1] Under Rule 1:4-4(b):

> Certification in Lieu of Oath. In lieu of the affidavit, oath or verification required by these rules, the affiant may submit the following certification which shall be dated and immediately precede the affiant's signature: "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wil[l]fully false, I am subject to punishment."

14

favorable inference, defeats SMS Financial JDC's motion for summary judgment.

Next, we turn to whether Sorg's certification is sufficient basis, in and of itself, to grant summary judgment to him and dismiss SMS Financial JDC's complaint. SMS Financial JDC argues that the due date was not accelerated in 2014, but instead asserts it was accelerated by its letter dated June 30, 2022. Therefore, when SMS Financial JDC filed its complaint on June 12, 2024, it was timely as within six years of the date of the letter. In other words, it was filed before June 30, 2028, the expiration of the statute of limitations. To support its contention that the acceleration occurred in June 2022, and not in 2014, SMS Financial JDC proffers the June 30, 2022 letter and Shorr's deposition testimony. In his deposition, Shorr testified there was no acceleration before June 30, 2022, and neither Guaranty Bank nor GB Home Equity accelerated the Note. He added letters evidencing acceleration would have been in the files, and none were found. Considering Shorr's testimony, and giving it all reasonable inferences, there is competent evidence in the record that the acceleration occurred in 2022, not 2014, which is sufficient to defeat Sorg's motion for summary judgment.[2]

_____

[2] We affirm the denial of Sorg's motion for summary judgment but for different reasons than stated by the trial court. See Hayes v. Delamotte, 231 N.J. 373,

Therefore, having concluded neither party was entitled to summary judgment, we consider the appropriate proceeding to be held on remand to resolve the merit of defendant's claimed statute of limitations affirmative defense.

In other circumstances concerning the statute of limitations, the New Jersey Supreme Court has held the trial court must determine the issue. See Lopez v. Swyer, 62 N.J. 267, 272 (1973). The Court noted "the question as to the application of the statute of limitations is ordinarily a legal matter and as such is traditionally within the province of the court." Lopez, 62 N.J. at 274.

Moreover, the court typically "determine[s] the issue after an evidentiary hearing." Polizzi v. N.J. Transit Rail Operations, Inc., 364 N.J. Super. 323, 329 (App. Div. 2003) (citing Lopez, 62 N.J. at 275). "[A] plenary hearing is necessary 'since credibility is usually at issue.'" Maldonado v. Leeds, 374 N.J. Super. 523, 531 (App. Div. 2005) (quoting J.L. v. J.F., 317 N.J. Super. 418, 429 (App. Div. 1999)). "Generally the issue will not be resolved on affidavits or

---

387 (2018) (applying the well-settled principle "that appeals are taken from orders . . . and not from opinions," and that orders may be affirmed for reasons different from those set forth by the trial court (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001))).

depositions since demeanor may be an important factor where credibility is significant." Lopez, 62 N.J. at 275.

Therefore, on remand, the trial court shall hold a Lopez hearing, to address the parties' contentions concerning acceleration and the start of the period of the statute of limitations. See Maldonado, 374 N.J. Super. at 531. We reiterate that defendant bears the burden to establish the affirmative defense.

Vacated as to the grant of summary judgment to SMS Financial JDC, affirmed as to the denial of summary judgment to Sorg, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-2174-24